## The Methodist Episcopal Church of East Saginaw, v. Edward W. Ladd.

*Evidence: Recoupment: Damages.* In an action upon a contract for labor and materials, where the defendants claim to recoup damages resulting from the plaintiffs having left the work in an unfinished state, it is competent for the defendants to show what efforts they made to finish the work after it had been left by the plaintiff.

*Heard January 11. Decided January 12.*

Error to Saginaw Circuit.

This was an action of *assumpsit*, brought by Edward W. Ladd, in the Circuit Court for the County of Saginaw, against the Methodist Episcopal Church of East Saginaw. The plaintiff declared upon the common counts in *assumpsit*, serving a bill of particulars, setting forth his demand for labor and materials for slating the spire of defendants' church. The defendants pleaded the general issue, with notice of set-off, and that the work for which the plaintiff claimed to recover was done under a special contract, which he had not performed, claiming a right to recoup the damages suffered by such non-performance of the contract. The cause was tried by a jury, who found a verdict for the plaintiff. The defendants below bring the cause into this court by writ of error.

*H. Joslin* and *John Moore*, for plaintiffs in error.

*Geo. V. N. Lothrop,* for defendant in error.

COOLEY, J.

A question is presented by this record as follows:

Ladd brought action against the plaintiffs in error to recover for the value of work, labor and materials in slating

the spire of their house of worship. The job, it appears, was not entirely completed by him; he having abandoned it while a small portion of the base of the spire remained uncovered. The work was done under an oral contract, and the parties were at variance as to its terms. Ladd was sworn as a witness, and, if he stated the understanding correctly, the fault which occasioned his leaving before the work was completed was wholly on the side of the church. On the other hand there was evidence tending to show that the fault was exclusively his; and the defendants claimed to recoup damages suffered by being precluded from finishing and occupying the building in due season. Before closing his case, Ladd gave evidence tending to show that the small space, at the base of the spire, which remained unslated at the time the plaintiff left the work, could have been covered by shingles, by one man, in two days, at an expense of not exceeding fifteen or twenty dollars, and that if it had been, the entire work of finishing the balance of the church could have been completed and the church used by the society as well as though the slating of the spire had all been done.

When the defendants went into their defense they put one of their trustees on the stand, who gave evidence tending to show that large damages were suffered by them in consequence of their inability to complete and occupy their building, owing to the failure of Ladd to finish the slating of the spire as they claimed he had agreed. The witness then testified that he and another person went on and finished the slating, and he was then asked the following question: "What efforts did you make, if any, towards getting somebody to do that slating?" This question was objected to as immaterial, and ruled out.

Now, it appears to us that this question was entirely

proper, and should have been admitted. The evident purpose was to show that the defendants had made efforts to protect themselves against the damages which, according to their theory of the case, they were suffering from the breach of contract on the part of the plaintiff. They sought to meet the suggestion on the part of Ladd that they had needlessly suffered the base of the spire to remain uncovered for a long period, thereby increasing the damages to them from the plaintiff's failure to perform his contract, by showing that, instead of having done so, they had in fact made exertions to have the work completed at an earlier day than it was done, and thus to prevent the damage they claim to have actually suffered. We say this was the evident purpose, because this is what the question put to the witness naturally suggests; and though possibly the case may not have demanded that the defendants should give evidence on this point, it was certainly very proper that they should do so in order to show that they had acted in good faith, and not recklessly or wantonly suffered the damages to accumulate in order to increase the liability of the plaintiff. Such evidence, it is easy to see, might have had a very important bearing in the minds of the jury when they came to estimate the damages, if they found Ladd in the wrong; and we perceive no legal ground for its rejection.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.