Hill *vs.* Sibley.

BENJAMIN H. HILL, plaintiff in error, *vs.* BENJAMIN T. SIBLEY, defendant in error.

| 56 | 531 |
| 93 | 723 |

Where, to an action on a contract, the defendant seeks to recoup the damages resulting from plaintiff's failure to comply with his obligations thereunder, and the evidence is conflicting as to whether such damage resulted from the default of plaintiff, or of defendant, or of both, the jury may take into consideration the conduct of both parties and make their verdict accordingly.

Contracts. Recoupment. Damages. Before Judge RICE. Clarke Superior Court. August Term, 1875.

The facts of this case are sufficiently reported in the decision.

B. H. HILL & SON, for plaintiff in error.

S. P. THURMOND; R. N. ELY, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on an open account in the statutory form, for the sum of $704 35, with a bill of particulars annexed. The defendant filed a plea to the plaintiff's action, in which he alleged " that the plaintiff was an overseer on the plantation of defendant for the year 1872, under a special contract to furnish sixty hands, and make for defendant plenty of corn and three hundred bales of cotton, and in consideration thereof, was to receive $20 00 to the hand, but said plaintiff utterly neglected his duty as such overseer, and did not perform his contract, and damaged the said defendant $5,000 00 or more, for which defendant prays judgment," etc. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $600 00. A motion was made for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

The plaintiff claimed that the defendant was indebted to him the sum of $900 00 for his services as overseer for the

year 1872, together with some other items charged in his account, amounting to the sum of $907 40, which account was credited with the sum of $203 05, leaving due the plaintiff $704 35, which latter sum the plaintiff claimed to be due him. The evidence in the record is conflicting as to the special contract alleged in defendant's plea, and there is evidence going to show that defendant failed to furnish cotton seed in time for planting, and also failed to furnish suitable mules in time to make the crop. The evidence is also conflicting as to the cause of the failure to make a full crop of cotton on the plantation, the defendant insisting that it was the fault of the plaintiff, as overseer, the plaintiff insisting that it was the fault of the defendant in not furnishing cotton seed in time for planting, and in not furnishing suitable mules; of bad seasons, destruction of the cotton by the caterpillar, etc. The court charged the jury, in substance, in view of the evidence in the record, that whether the contract of employment of the plaintiff was as insisted on by him, or as insisted on by defendant, in either event, if the plaintiff failed or neglected to perform his duty as an overseer, and in consequence of such failure and neglect of duty on the part of the plaintiff the defendant was damaged, the defendant is entitled to have the amount he was damaged deducted from the amount of the plaintiff's claim.

The defendant contends that inasmuch as the jury found for the plaintiff only the sum of $600 00, the same being less than the amount claimed by the plaintiff, therefore they must have found that the plaintiff had failed to perform his duty as overseer, and as the lowest amount of damages proved by the defendant was $5,000 00, the verdict should have been for the defendant, and the case of *Jones vs. Lynch*, 54 *Georgia Reports*, 271, is relied on to sustain the principle contended for. The case now before us is distinguishable from *Jones vs. Lynch* in two important features. This is an action on an open account, in the statutory form, with bill of particulars annexed, and it was held by this court in *Johnson vs. Quin*, 52 *Georgia Reports*, 485, that the 3393d section of the

Code was intended to allow the plaintiff to recover in an action on account such an amount thereof as he was justly and equitably entitled to, either under a special agreement to pay the amount charged or so much as the goods or services rendered were reasonably worth, without regard to the technical rules of pleading or the evidence applicable to a special contract or a *quantum meruit.*. In this case, there is evidence on the part of the plaintiff going to show that it was the fault of the defendant in not furnishing mules, cotton seed, etc., that a full crop of cotton was not made, and the jury may have taken that into consideration, as well as the fault of the plaintiff, in adjusting the rights of the parties under this statutory form of action, as they had the right to do. In other words, the jury may have believed from the evidence that both parties were at fault, and regulated their verdict accordingly, on the principle of contributory negligence; there is certainly evidence in the record which would have authorized them to do so. In *Jones vs. Lynch* the action was on a promissory note, and the defendant pleaded a partial failure of consideration, on the ground that the plaintiff represented that the city lot for which the note was given was bounded by Gray street, when it was not. The court charged the jury that the measure of damages was the lessened value of the lot in consequence of Gray street not being there where it was represented to be. The lowest proven damage was $500 00, the jury found only $140 00 damage, and a new trial was granted because the verdict was contrary to the charge of the court. There was no conflict of evidence in that case as to the *cause* of the damage, as in this case. There was no evidence in that case of any contributory negligence on the part of the defendant by which the damage might have been caused, as in this case. In that case, there was no dispute or conflict of evidence as to the cause of the defendant's damage, therefore there was no margin for the jury to have apportioned the damages as there is under the evidence in this case. Whilst there is no conflict of evidence in this case as to the amount of damage the defendant sustained, there is a

very serious conflict of evidence as to what *caused* that damage. The jury may have believed that both parties were at fault, under the evidence, as they had the right to do, and regulated their verdict accordingly. Construing the charge of the court complained of with the other portions of the charge contained in the record, there was no error, in view of the rulings of this court in *Johnson vs. Quin,* before cited, at least none of which the defendant has any legal right to complain. In our judgment, the verdict is not contrary to the weight of the evidence, and we will not disturb it. The objection to the interrogatories came too late, and is not sufficient to set aside the verdict.

Let the judgment of the court below be affirmed.