[File No. 6459.]

JOHN BUSDICKER, Respondent, v. PEOPLES OPINION PRINTING COMPANY, a Corporation, Appellant.

(272 N. W. 331.)

Opinion filed March 20, 1937. Rehearing denied April 16, 1937.

*Hanchett, Sproul & Sad,* for appellant.

*Paulson & Pearce (William R. Pearce,* on oral argument) for respondent.

BURKE, J. This is an action to recover an alleged balance due for work and labor performed by the plaintiff for the defendant between the first day of January 1933 and the eighteenth day of April, 1936.

On motion certain paragraphs and allegations were stricken out of the defendant's answer and the answer upon which the case was tried alleged a general denial, and by way of recoupment it alleged that the plaintiff wilfully abandoned the employment of the defendant and refused to render any service under his contract of employment, although requested to do so. During the last two years of plaintiff's purported and alleged employment the plaintiff, who was shop foreman and employed men to take care of the shop, refused to handle the work as formerly and did so negligently care for the said shop by employing more men than were needed, and from the fact that during said period the plaintiff refused to perform such services as the defendant requested him to do that the defendant was damaged in the sum of $3,380.

There was a verdict for the plaintiff for $3,615.48 upon which judgment was entered and the defendant appeals therefrom.

The defendant filed amended specifications of error, stating: "The above named defendant and appellant specifies the following errors in the law upon which it will rely upon the appeal to the Supreme Court of North Dakota from the judgment of the district court of Barnes county. . . . Preventing and excluding testimony on the part of the defendant to show the value of compensation of men employed by the defendant as shop foreman in the shop in order to prove the damages sustained by the nonperformance of the work by the plaintiff as directed by the defendant during the period as alleged in the defendant's plea for recoupment." Then follow a number of questions to which objections were sustained. Witness Julius Beetin was asked this question: "Do you know how much you were paid those last two years?" To which question there was an objection.

"The Court: My ruling on that is this: That what we are concerned with now is the contract between Mr. Busdicker and the Peoples Opinion, not the contract between him and somebody else, between the Peoples Opinion and somebody else. . . . The defendant has the right to show by way of recoupment the damages, if any, that it suffered by virtue of the failure on the part of the plaintiff to perform his duties properly. That is the field for inquiry in this lawsuit. This lawsuit is based on an express contract between the defendant and the plaintiff." Objection sustained.

"Q. What was your compensation during this period, the last two years?"

Objected to as immaterial.

"The Court: That calls for a special contract with another person. . . . The court has permitted evidence, and will continue to permit evidence, showing lack of attention on the part of Mr. Busdicker in the discharge of his duties. It will also permit the defendant to show what extra help was required on account of the improper performance, unreasonable performance of the plaintiff in the discharge of his duties, and will also permit the defendant to show what the reasonable value of such service is. That is the position of the court."

"Q. What were you getting during the last two years?" That was objected to as immaterial.

"The Court: It calls for a contract with another person, and the court has ruled on that. . . . The court will repeat that it will receive testimony from the person who is qualified to give it as to the value of the services of the character and kind that was rendered by— or should have been rendered by the plaintiff under his contract. . . . This witness may testify, if he knows, as to what the reasonable value of that character of work was. . . . The work Mr. Busdicker was hired to do under his contract."

"Q. What is the value of the services rendered by a linotype writer by the week?" To which question there was an objection.

"The Court: I think it should relate to the matter of duties performed by Mr. Busdicker. The issues have been framed by the pleadings, and the court is ruling with reference to the issues as they were framed. There is recoupment here which the defendant has pleaded. I think that question should be framed in such a way as to bring it within the rules which govern recoupment, and I think if there is to be a recoupment, that is, diminution of the wage or the charge, or the demand, it must relate to the same kind and character of work for which the wage to be reduced is paid."

"Q. Well, Mr. Beetin, what was the value of your services during the last two years while employed there as a linotype writer?"

To this question there was an objection, which was sustained. Defendant's attorney made the following offer:

"We offer to prove by this witness and other subsequent witnesses that during the last two years of the employment of John Busdicker . . . the shop expense during the last two years was more by the sum of $3,800 than during the prior period when Mr. Busdicker and this other man were handling the work."

An objection was sustained to this offer.

The evidence shows that the defendant corporation had been operating for some thirteen years; that the plaintiff was connected with it as foreman, linotype operator, and director of the corporation from its inception; that as foreman he hired and discharged employees, but according to his testimony always with the consent of the manager, Mr. Moe; that he was employed in the office at a salary of $32.50 a week and each week and up to the time he quit working for the defendant, the bookkeeper charged that amount to the defendant in favor of the plaintiff with the knowledge of the manager of the corporation, Mr. Moe.

There is some testimony that the plaintiff was absent at times from the plant—he states upon a vacation—but there is no evidence to show how long he was absent and there is no evidence upon which the jury could fix any amount of damages by reason of such absence. There is some evidence that he was not as active the last two years of his employment as he was in other years; but there is no evidence showing what portion of the time he was idle and it is not disputed that during all of the time he was the foreman of the printing office. There was no other foreman, no other person in charge. He was the foreman and had charge of the plant, he hired the men and directed their work and there is no evidence upon which a jury could base damages for time that he was idle, and there was no foundation laid for the questions that were asked of the witness Bectin. There is nothing in the record to show that the evidence called for is material. Besides, while a breach of contract may be pleaded and proved by way of recoupment, it is well settled that a defendant cannot recoup damages which he might have prevented by reasonable diligence. It is his duty, notwithstanding the plaintiff's default, to lessen the loss,

and not to trust wholly to his remedy of recoupment, just as it is where he himself sues for a breach of contract. Shannon v. Comstock, 21 Wend. 457, 34 Am. Dec. 262; Keyes v. Western Vermont Slate Co. 34 Vt. 81. In an action for the price of materials furnished for a building, or of logs for sawing, the defendant cannot recoup for the whole loss suffered by failure to furnish the same in time, if he could, with reasonable diligence, have procured like materials, or logs, elsewhere, but only for what it would have cost him to obtain such a supply. Miller v. Mariners' Church, 7 Me. 51, 20 Am. Dec. 341; Chapman v. Dease, 34 Mich. 375; Hopkins v. Sanford, 41 Mich. 243, 2 N. W. 39. See also Hitchcock v. Hunt, 28 Conn. 343. The defendant is obliged to use reasonable diligence to diminish the loss sustained by the plaintiff's default, he may show what efforts he has made to do so. East Saginaw M. E. Church v. Ladd, 22 Mich. 280. And if the evidence is conflicting, the jury should look into the conduct of both parties, in determining whether damages sought to be recouped were due to the plaintiff's breach of his agreement or to the defendant's negligence. Hill v. Sibley, 56 Ga. 531.

In the instant case Mr. Moe was the editor of the paper, secretary and manager of the defendant corporation, and was in general charge of the entire business. If there was a breach of contract of employment on the part of the plaintiff he knew about it. He did nothing about it, and while he states that he did say to the plaintiff that there would have to be an adjustment of his salary (which statement is contradicted by the plaintiff) he permitted the plaintiff to remain in the position of foreman in charge of the printing plant until he quit of his own volition.

There was no error in sustaining the objections to the questions and the judgment must be affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and MORRIS, JJ., concur.