ROBERTS & HUGHEY, plaintiffs in error, *vs.* LEWIS F. HARRIS, defendant in error.

1. The attorney of a party endorsed and signed the following waiver upon the back of a package containing depositions: "All objections to the execution and return of this set of interrogatories are hereby waived:" *Held,* that the party was concluded from objecting to the depositions, because the cross-interrogatories were not fully answered.

2. Proof of a special contract for rent, is admissible under the short form of pleading, when the bill of particulars annexed to the petition sets out fully all the terms of the contract.

3. A charge of the presiding Judge, in accordance with the law and facts of the case, is not erroneous.

4. Where the verdict is in conformity to the law and testimony of the case, it will be maintained.

Complaint for rent, in Troup Superior Court. Tried Judge BULL, at the November Term, 1860.

This was an action, in the simplified form of pleading, brought by Lewis F. Harris against Roberts & Hughey, to recover the sum of $300 00, alleged to be due the plaintiff for the rent of an office in the city of Savannah for the year 1857. The bill of particulars annexed to the petition was as follows:

MESSRS ROBERTS & HUGHEY,

To LEWIS F. HARRIS,          DR.

1857.

Dec.   1. For one quarter's rent of office in Savan-
nah, with interest on same from date.....$ 75 00

March 1. One quarter's rent, interest on same from
date ............................................ 75 00

June  1. One quarter's rent, interest on same from
date.................................................. 75 00

Sept.  1. One quarter's rent................................ 75 00

$300 00

The defendants pleaded the general issue, and also that they rented the office on condition that the same should be fitted up in good style and a coal grate placed in the fire place, all of which the plaintiff failed to do, and which failure discharged defendant from all obligation to pay the rent.

On the trial, plaintiff proved by the depositions of Benjamin Whitehead, that the account sued on was correct; that plaintiff's office was rented to defendants for one year from the 1st of September, 1857, at the rate of $300 00 per annum, the rent to be paid quarterly, which would make the time the rent was due, 1st of December, 1857, 1st of March,

1858, 1st of June, 1858, and 1st of September, 1858, and $75 00 the amount to be paid each time; that defendants took possession of the office and promised to pay the rent promptly as it became due; that some time in December J. M. Cooper left Savannah, and left the key of the office with the witness; that in the absence of a special contract for the year, the rent would have been worth $100 00 for the time defendants actually occupied the office.

Counsel for defendants objected to the reading of these depositions of Whitehead on the grounds:

1st. Because the ninth cross-interrogatory was not fully answered.

2d. Because the testimony sought to show, and did show, a special contract, which was inadmissible under the state of the pleadings, the action being in the short form, and based upon an open account.

On the back of Whitehead's deposition the following waiver was endorsed, to-wit:

"All exceptions to the execution and return of this set of interrogatories are waived.

"J. K. STRICKLAND,
"Defendant's Attorney.

"June 1st, 1860."

The Court overruled the objection to the depositions on both the grounds taken, and counsel for defendant excepted.

The Court charged the jury, "that if they believed that the defendants, by contract, rented the premises for one year, and that possession was delivered to them or their agent, the defendants were liable for the whole year's rent, even though they did not occupy it for the whole time, unless the contract was in some way annulled or rescinded; that the delivery of the key of the office by the defendants to plaintiffs did not operate as a recision of the contract, unless it was delivered and accepted with that understanding. That if it was delivered by the plaintiff, with the understanding that by that act the plaintiff was resuming possession of the premises, then

the plaintiff entitled to recover only *pro rata* for the time defendants were in possession."

The jury returned a verdict in favor of the plaintiff for $300 00 principal, and the sum of $54 64 interest, with costs of suit.

Counsel for defendants then made a motion for a new trial on the grounds:

1st. That the Court erred in overruling the objections of defendant's counsel to the execution and return of the depositions of the witness Whitehead.

2d. That the Court erred in allowing the depositions of Whitehead to be read in evidence, proving as they did, a special contract, when such proof was not admissible under the form of pleading adopted in this case.

3d. That the charge hereinbefore stated was erroneous.

4th. That the verdict was contrary to that part of his Honor's charge in which he instructed the jury, that the burden was on the plaintiff to prove that the contract was made, what that contract was, and that plaintiff had complied therewith on his part.

5th. That the verdict was contrary to the evidence.

The presiding Judge refused the new trial, and the defendants assign error upon that refusal.

BIGHAM, STRICKLAND, for plaintiff in error.

FERRELL & BULL, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

On the trial the defendant objected to the reading of Benjamin's Whitehead's interrogatories, on the ground that the ninth cross-interrogatory was not answered. This objection is covered by the waiver of defendant's counsel, J. K. Strickland. It is in these words: "All objections to the execution and return of this set of interrogatories (meaning Whitehead's) are hereby waived." The whole of Whitehead's testimony was objected to because it proved a special contract, and was inadmissible under the pleadings. We do not think there is anything in this objection.

VOL. XXXII—35.

The complaint has a bill of particulars attached to it, setting out that the rent was for so much per annum, payable quarterly, and with interest on each quarter as it fell due. This is as special as a bill for specific performance, as special as the O. S. pleadings.

We see no error in the charge of the Court, and think that the verdict was in conformity to the charge and to the testimony in the case.

Let the judgment be affirmed.