Johnson *vs.* Quin.

---

MARY JOHNSON, plaintiff in error, *vs.* JOHN QUIN, administrator, defendant in error.

1. A charge unwarranted by the evidence is error.
2. Where an action is brought on an account for services rendered, a recovery may be had on a special contract where the bill of particulars sets out fully the terms.

Charge of Court. Contracts. Pleading. Evidence. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

For the facts of this case, see the decision.

G. E. THOMAS, for plaintiff in error.

R. J. MOSES, for defendant.

Johnson *vs.* Quin.

WARNER, Chief Justice.

The plaintiff brought her action against the defendant on an account for services rendered the defendant's intestate in his lifetime. On the trial of the case the jury, under the charge of the court, found a verdict for the defendant. A motion was made for a new trial, on the ground of error in the charge of the court to the jury, and because the verdict was contrary to the weight of the evidence, and for newly discovered evidence, which motion was overruled, and the plaintiff excepted.

1. The court charged the jury "that if the services had been rendered, and plaintiff had been paid for them, she could not recover." This charge of the court was error, as we find no evidence in the record which would authorize it. The court also charged the jury "that if plaintiff lived with deceased as his mistress, and in that capacity she rendered the services for which she was demanding payment, she was not entitled to recover." This charge of the court was error, there being no evidence in the record to authorize it.

2. The court charged the jury "that the plaintiff in this action could not recover for a breach of an express contract, but on an implied one, to-wit: for the value of the services proved to have been rendered." This action was brought under the 3393d section of the Code. The bill of particulars annexed to the plaintiff's declaration sets out the terms of the contract, to-wit: that the defendant's intestate was to pay her $40 00 per month for her services as housekeeper, cook, etc., from the 12th of May, 1868, to the 29th of August, 1871, $1,580 00. According to the construction heretofore given to this section of the Code, and the act of 1847, from which it is taken, by this court, the plaintiff could have recovered by proof of a special contract to pay her $40 00 per month, as stated in the bill of particulars: See Code, section 3393, and decisions there cited. We are, therefore, of the opinion that the court erred in its charge to the jury in relation to this point in the case.

Let the judgment of the court below be reversed.