Johnson *vs.* Quin.

MARY JOHNSON, plaintiff in error, *vs.* JOHN QUIN, adminis-
trator, defendant in error.

↦ Section 3393 of the Code was intended to allow the plaintiff to recover
in an action on an account, such an amount thereof as he was justly
and equitably entitled to, either under a special agreement to pay the
amount charged, or so much as the goods or services rendered were
reasonably worth, without regard to the technical rules of pleading, or
the evidence applicable to a special contract or a *quantum meruit.*

Pleading. Contracts. Before Judge JAMES JOHNSON. Mus-
cogee Superior Court.    May Term, 1874.

For the facts of this case, see the decision.

G. E. THOMAS, for plaintiff in error.

R. J. MOSES, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the de-
fendant on an account, in the statutory form, with a bill of par-
ticulars annexed, in which it is stated that the defendant's in-
testate was indebted to the plaintiff for wages as house-keeper,
cook, laundress, and seamstress, at $40 00 per month, from
the 12th May, 1868, to 29th of August, 1871, $1,580 00.
On the trial the plaintiff proved by two witnesses that the de-
fendant's intestate agreed to pay the plaintiff $40 00 per month
for her services.    The plaintiff also offered to prove at the
trial the value of her services, which the court refused to allow
her to do.    The jury, under the charge of the court, found a
verdict for the defendant.    A motion was made for a new trial
on the ground that the court erred in refusing to allow the
plaintiff to prove the value of her services; and, on the fur-
ther ground, that the court erred in charging the jury, that if
the contract to pay $40 00 per month has been proved, then
she must recover on that contract, but if the contract set out
by the plaintiff has not been proved to have been made, no
matter how meritorious her services may have been, she can-

not recover in this action. The questions presented in the re-cord necessarily involves the proper construction and interpretation to be given to that part of the act of 1847, which is embodied in the section 3393 of the Code. We all understand the common law rule of pleading, as modified by our judiciary act of 1799, as the court below appears to have understood it, but is that rule to be observed and made applicable to an action on an account like the one before us ? What was the object and intention of the general assembly in passing the act of 1847 in relation to an action on an account? It seems to us that it was intended to abolish the common law rule of pleading, which had heretofore obtained in this state, and to allow the plaintiff to exhibit a bill of particulars of his or her account, and to prove at the trial either a special agreement to pay the amount charged, or what the goods, or services, were reasonably worth. In other words, the act was intended to allow the plaintiff to recover, in an action on an account, such an amount thereof as he was justly and equitably entitled to recover, either under a special agreement to pay the amount charged, or so much as the goods furnished, or services rendered, were reasonably worth, without regard to the technical rules of pleading, or evidence, applicable to special contracts, or a *quantum meruit*. If the statute does not mean that, we are unable to understand what it does mean. The act is entitled an act " to simplify and curtail pleadings at law," and the *simplicity* of the act is, that it abolishes all distinction in pleading and proof in an action on an account, with a bill of particulars annexed, between a special agreement to pay the amount charged, and what the goods, or services, were reasonably worth. The plaintiff may prove either, or both, and then the jury may find such a verdict as they may think proper under the evidence ; and such appears to have been the interpretation of that act, by this court, in the following cases : *Cameron vs. Moore*, 10 *Georgia*, 368 ; *Hancock vs. Ross*, 18 *Ibid.*, 364 ; *Roberts & Hughey, vs. Harris*, 32 *Ibid.*, 542. In our judgment, the court erred in rejecting the evidence offered at the trial to prove the value of plaintiff's services, and

in charging the jury, as hereinbefore set forth, as contained in the record.

Let the judgment of the court below be reversed.