SCHMIDT vs. WAMBACKER & WEIL.

1. Under §3393 of the Code, suit may be brought, and recovery had, on an open account for merchandise furnished, although there may have been a special contract in writing to pay for all or a part.
2. A merchant may testify to items of an account sued on, by referring to books of original entry in which the items were entered in his own hand-writing, although he may be unable to recollect them without such reference.
3. There was sufficient evidence to support the verdict, especially as one new trial had been heretofore granted, and the jury had reduced the plaintiffs' account $401.00, thereby disallowing such items as were not satisfactorily proven.

Contracts. Pleadings. Evidence. New trial. Before Judge TOMPKINS. McIntosh Superior Court. April Term, 1878.

Wambacker & Weil sued Schmidt on an open account including a variety of articles, cash, household necessaries, etc., leaving, after deducting credits, a balance of $1,036.42. Defendant pleaded the general issue and set-off. On the trial, the evidence for the plaintiffs was to the following effect: In August, 1875, defendant came to plaintiffs, stated that he was going away, and requested them to supply a certain Mr. Wylly, who was engaged by defendant to do certain work for him, with such articles as he needed to the amount of $700.00. They agreed to do so, and did, relying upon defendant's credit. When defendant returned, one of the plaintiffs informed him that the account already exceeded $700.00. He replied that he had "got into it, now," and could not stop, and told them to continue the credit. They did so, and this account is correct. In April or May, 1876, plaintiffs told defendant that the account was growing large, and they must have a written showing from him. He gave them the following writing, and they continued to extend credit:

"I herewith declare that I will be responsible for all expenses incurred by Capt. T. S. Wylly for a lot of timber, which is cut, now

cutting and hauling, during the month of April, and that I will see you paid for the same after the timber is rafted up.

"DARIEN, April 4, 1876.

[Signed]                                    AUG. SCHMIDT."

In testifying to the correctness of the account, plaintiffs stated that they were unable to remember any special items, their dates or amounts, but they had books in which they entered these items at the time; they identified their handwritings in making the entries; stated that they were correctly made by themselves, and were unaltered; that the books were books of original entry; and then, looking at the books, they stated the items.

The principal point of variance between this and defendant's evidence (besides contesting certain items) was as to the general or special nature of the contract. Defendant contended and swore that he never agreed to pay anything for Wylly except such expenses as were incurred in cutting timber for him; that Wylly had a separate account with plaintiffs for family supplies, etc., which defendant had nothing to do with; that the writing given by him to plaintiffs correctly expressed the contract, and that he had paid all that he was justly liable for under such contract.

The jury found for the plaintiffs $635.42. Defendant moved for a new trial on the following, among other grounds:

1. Because the verdict was contrary to law and the evidence.

(2). Because the verdict was specially contrary to the evidence, in this: that it appeared that the only contract between the parties was in writing, and the verdict should have been founded upon that.

(3). Because the court allowed plaintiffs to testify from their books as to the items of the account sued on.

The motion was overruled, and defendant excepted.

W. R. GIGNILLIAT; R. E. LESTER, for plaintiff in error, cited as follows: Recovery should have been on contract, 4 Pick., 422, 83; 7 Cowen, 263; 6 Wend., 304; 1 Chitty

Pl., 308–309 ; 4 Mass., 116 ; 5 Iredell, 391 ; 60 *Ga.*, 604 ; 6 B. & C., 603 ; 1 *Ib.*, 248 ; 7 Bing., 163 ; 4 Wash. C. C., 148 ; Chitty on Contracts, (7 Am. Ed.), 821, note ; 18 *Ga.*, 364 ; 1 Gr. on Ev., §87 ; 60 *Ga.*, 649 ; Code, §2722 ; *S. W. R. R. vs. Millen*, this term ; Code, §1950. *Onus* of proof, Code, §§2194, 2196. Evidence from books, Code, §§3777, 3866 ; 58 *Ga.*, 190 ; 8 *Ib.*, 74.

HARTRIDGE & CHISHOLM ; W. A. WAY ; P. W. MELDRIM, for defendants, cited, on form of action, 18 *Ga.*, 364. On testifying from books, 6 *Ga.*, 365 ; 30 *Ib.*, 361.

WARNER, Chief Justice.

The plaintiff sued the defendant on an open account for $1,036.42, and on the trial of the case the jury, under the charge of the court, found a verdict for the plaintiffs for the sum of $635.42. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

1. As to the necessity of declaring upon and proving the alleged special contract insisted on by defendant, see *Johnson vs. Quinn, administrator*, 52 *Ga.* 485.

2. There was no error in allowing the plaintiffs to testify as to the articles sold and delivered to the defendant, or his agent, from their original books of entry, the same being in their own hand-writing. 6 *Ga.*, 365 ; 60 *Ga.*, 347.

3. There was no objection to the introduction of the written contract in evidence under the pleadings in the case. The main question on the trial was whether the goods were furnished by the plaintiffs to Wylly, the defendant's agent, under a special contract, or whether the same were furnished under a general authority from the defendant, to enable Wylly to perform his timber contract. Upon this point in the case the evidence was conflicting, but there is sufficient evidence in the record to support the verdict ; and, although

the charge of the court was not as clear and satisfactory as it might have been, still, in view of the facts of the case as disclosed in the record, there was no material error in the charge to authorize the grant of a new trial, especially as this is the second verdict for the plaintiffs, one new trial in the case having been heretofore granted, and the jury having reduced the plaintiffs' account $401.00, thereby disallowing such items as were not satisfactorily proved, it is to be presumed, and such as ought not to have been properly allowed under the evidence.

There was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.