BURCH *v.* HARRELL, CADWELL & CO.

In an action upon an account for rent, or for use and occupation, the plaintiff can recover upon undisputed and uncontradicted evidence that the defendant has admitted that the account was correct, due and unpaid, notwithstanding it appears that the defendant, at the time the tenancy was created, took a written lease of

the premises from the plaintiff, and this lease is neither produced nor accounted for.

April 23, 1894. Argued at the last term.

Complaint on account. Before Judge SMITH. Dodge superior court. March term, 1893.

ROBERTS & SMITH, for plaintiff.
DeLACY & BISHOP, for defendants.

LUMPKIN, Justice.

This was an action brought by Burch *v.* Harrell, Cadwell & Co. upon an open account for the "Lease of lots of land Nos. 124 & 117, in the 14th Dist. of Dodge county, for turpentine purposes, 12,077 boxes, for the years 1883, 1884, 1885, @ $20 per thousand." By an amendment it was alleged that the account sued on was for the use or rent of timber for turpentine purposes, of which the defendants had enjoyed the benefits during the years mentioned. It appeared from the testimony of one Woodard, who was introduced by the plaintiff, that the lease from the plaintiff to the defendants was in writing, signed by the plaintiff, and had been delivered by him to the defendants, who, however, had not themselves signed the lease or given to the plaintiff any written evidence of their obligations to him in respect to the timber leased. After Woodard had testified to these facts, the court, on the ground that the lease was the best evidence of the matter sought to be proved, refused to allow the witness to state how many boxes had been cut in the timber by the defendants, and also ruled out all the testimony previously given by this witness as to the boxing of the timber by the defendants. For the same reason, the court also refused to allow the plaintiff to prove by another witness that all of the defendants had admitted to him that the account sued on was correct, due and unpaid. The plaintiff, as a result of these rulings, having no evidence upon which to go

before the jury, was nonsuited, and brings the case to this court for review. Nothing more than has already been stated appears as to what were the contents of the written lease in question.

In *Tumlin* v. *Bass Furnace Co.*, recently decided (*ante*, 594), and which was a very carefully considered case, we again stated and reaffirmed the doctrine, supported by previous adjudications of this court and by other recognized authorities, that although there may have been a special contract in writing between the parties as to the subject-matter in controversy, an action upon an open account might be brought and sustained where it appeared that the plaintiff had fully performed his part of the contract, and nothing remained to be done except for the other party to make payment. If this be sound law, it would seem logically to follow that the plaintiff, in such a case, would be entitled to *prove* his action as laid; and consequently, that evidence showing a *quantum meruit* or *quantum valebat* would be admissible without reference to the written instrument, though of course, as stated in the case just cited, the writing itself would be admissible in evidence, whether mentioned in the pleadings or not. Of what avail would be the right to *bring* an action upon an implied *assumpsit*, the action not being based on any writing, were the plaintiff then denied the right to *prove* the justice and correctness of his account in any of the methods usually recognized as appropriate for this purpose? In the case now before us, it does not appear that the writing stated the price per box which the defendants were to pay; but granting that it did, it was in the possession of the defendants and could very easily have been produced by them in reply to any evidence which might be introduced by the plaintiff tending to show the actual value per box; and in case of a conflict in this respect, the writing would, of course, prevail. It was manifest error to reject the

v 93 46

evidence that the defendants took possession of the lands covered by the lease, as well as that showing the number of boxes they had actually cut. It was necessary for the plaintiff to show these facts, and this could not have been done by producing the writing. We suppose, however, the case really turned upon the idea that, presumably, the written lease stated the price to be paid per box, and that the plaintiff should not be allowed to prove the correctness of the amount charged in the account in any other way than by the writing itself. We think that under the particular facts of the present case this was applying to the plaintiff a rule somewhat too stringent. Suppose the proposed evidence as to the admission made by the defendants had been received, and no evidence in reply had been offered. As the case would then have stood, the plaintiff would have had undisputed and uncontradicted evidence of admissions by the defendants that the account sued upon was correct, due and unpaid; or, in other words, that they honestly owed the money and ought to pay it. Justice and common sense unite in upholding the proposition that, under such circumstances, there ought to be a recovery for the plaintiff, notwithstanding the existence of some sort of a written agreement between the parties as to the matter involved. We do not, of course, know how the defendants would have met the evidence as to their alleged admissions, nor of what value to them the written contract would have been had it been produced; but we are satisfied that, taking the case as the plaintiff proposed to make it out, he should not have been cut off by a nonsuit. If, in the trial of a case like the present, the written instrument at any time becomes important to the rights of either party, it can be produced; and should there be a conflict between it and the parol evidence offered by either side, its terms will, of course, be conclusive.

The cases of *Johnson* v. *Quin*, 52 *Ga.* 485, *Hill* v. *Sibley*, 56 *Ga.* 531, and *Schmidt* v. *Wambacker & Weil*, 62 *Ga.* 321, have some bearing upon the question under consideration, and are cited for whatever light they may shed upon it. In the case of *Dobbins* v. *Pyrolusite Manganese Co.*, 75 *Ga.* 450, the facts of which were much like those in the case at bar, a similar question as to the non-production of the writing was, perhaps, involved, but the issue was not made nor passed upon. The admissions of one Woodward, the president of the defendant company, as to the correctness of the account sued upon, were objected to—not on the ground that the contract was evidenced by a writing, but because, as insisted by the defendant, Woodward was not authorized to make admissions binding upon the company he represented.

On the whole, we think the case should be tried again. If upon the next trial the plaintiff goes as far as he offered to do on the last, he will have established a *prima facie* right to recover; but the record suggests nothing which will prevent the defendants from establishing the contrary, if the truth and justice of the case so demand.

*Judgment reversed.*