*E. W. Frey, B. F. Frey,* and *C. D. Phillips,* contra.

ROBERTS *v.* LEAK.

COBB, J.   1. Where an action is brought on an account, a recovery may be
had by proving a special contract, if the terms of the contract can be
gathered from the bill of particulars.    *Roberts* v. *Harris,* 32 *Ga.* 542 ;
*Johnson* v. *Quin,* 51 *Ga.* 289 ; *Johnson* v. *Quin,* 52 *Ga.* 485 ; *Schmidt* v.
*Wambacker,* 62 *Ga.* 321.   The bill of particulars in the present case was
substantially as above indicated.

2. The averments in the original petition and the statements in the bill of
particulars attached thereto, taken together, showing that the purpose
of the pleader was to bring a suit for an accounting between the parties
as to a business extending over several years, consisting of a number of
transactions in which they were each interested in the profits, an amend-
ment to the bill of particulars, adding an item of charge against the de-
fendant growing out of the transactions referred to in the original plead-
ing and correcting a mistake in an item of credit allowed the defendant,
did not add a new cause of action and was properly allowed.

3. An amendment of the character above referred to related back to the
filing of the suit, and the item thus added would not be barred by the
statute of limitations unless so barred at the time the suit was filed.
*Craven* v. *Walker,* 101 *Ga.* 845, and cases cited.

4. An admission of a party to a case in a pleading filed by him, recognizing
a liability in a given amount to his adversary, is such a written acknowl-
edgment of an existing liability as would take the claim thus referred
to out of the statute of limitations.   *McMillan* v. *Toombs,* 74 *Ga.* 535.   In
the present case there was no error in holding that the plea of the de-
fendant contained such an admission.

5. There was no error committed in the rulings on the motion to strike
certain exceptions filed by the defendant to the auditor's report, some
of which were designated as exceptions of law and others as exceptions
of fact.   The rulings on such of the exceptions as properly presented for
decision questions of law were free from substantial error, and there was
no abuse of discretion in disallowing the exceptions of fact.

6. The charges complained of were not erroneous.   There was some evidence
to support the verdict of the jury, and no error having been committed
by the trial judge which would require the granting of a new trial, his
discretion in overruling the motion for a new trial will not be controlled.

7. The court correctly construed the verdict, and the decree entered thereon
was proper and legal.        *Judgment affirmed.   All the Justices concurring.*

Argued May 19, — Decided July 27, 1899.

Exceptions to auditor's report. Before Judge Reid. City court of Atlanta. September 13, 1898.

*E. W. Martin,* for plaintiff in error.    *S. J. Hall, Dorsey, Brewster & Howell,* and *Arthur Heyman,* for defendant.