## 5368.　ITTNER BROTHERS *v.* FARMERS STATE BANK.

A petition as upon an open account, with a copy of the alleged account attached, one item of which is, "To contract price of bank building," is not subject to demurrer on the ground that "there is not set forth in the petition, nor attached thereto, a copy of the contract referred to in exhibit A [the account], nor are the terms and stipulations of said contract substantially set forth in the petition." The words "contract price" do not necessarily imply a written contract; and even if they do, the suit was properly brought, for the contract is not declared on, does not constitute the cause of action, and there is no prayer for relief based thereon. Civil Code, § 5541. The contract (if there be one in writing) is merely evidence of the indebtedness, and could be used as such. If the defendant intended to rely on a special contract in writing, there should have been an appropriate plea setting up the contract.

DECIDED SEPTEMBER 23, 1914.

Complaint; from city court of Blakely—Judge Sheffield. November 24, 1913.

*Rambo & Wright,* for plaintiffs. *Glessner & Park,* for defendant.

RUSSELL, C. J. Ittner Brothers brought suit against the Farmers State Bank, as upon an open account, for $250. To the petition as filed was attached an exhibit showing numerous items of debit and credit, the first item of which was as follows: "To contract price of bank building, $7,950." The defendant filed a demurrer to the petition, on numerous grounds, the third of which was in the following language: "Because there is not set forth in the petition, nor attached thereto, as an exhibit, a copy of the contract referred to in exhibit A, nor are the terms and stipulations of said contract substantially set forth in the petition." After argument on the demurrer, the court passed the following order: "It is considered, ordered, and adjudged that each and all of the grounds of demurrer are overruled, except as to the third ground of demurrer, which is sustained; and the plaintiffs having failed and refused to amend their petition to meet said third ground of demurrer, it is further considered, ordered, and adjudged that plaintiff's petition be and the same is hereby dismissed," etc. The plaintiffs filed exceptions to this ruling.

We are of the opinion that the judge erred in sustaining the demurrer. The suit was, properly speaking, an action on an account, and was not based on the contract or on any breach thereof, and the suit was properly brought even though there may have been an express contract between the parties as to the subject-matter of this portion of the indebtedness sued for. The contract was merely evidence of the indebtedness, and could be used as such. *Chapman* v. *Conwell,* 1 *Ga. App.* 212 (58 S. E. 137). See also, in this connection, *Johnson* v. *Quinn,* 52 *Ga.* 485, and *Tumlin* v. *Bass,* 93 *Ga.* 599 (20 S. E. 44), and cases there cited. The contract is nowhere mentioned in the petition, and the only mention of one is the word "contract" in the expression "contract price" in the first item of the account attached as an exhibit; and, in our opinion, the words "contract price" do not necessarily imply a written contract. This being true, and the court having before it only the pleadings in the case, the defendant was not justified in filing a demurrer which assumed that there was a written contract. And, even if the contract was a written contract, it is not declared on, does not con-

stitute the cause of action, and there is no prayer for relief based thereon, but it would be merely an evidence of the indebtedness, and this case therefore does not come within the provisions of section 5541 of the Civil Code of 1910 requiring that a contract shall be set forth in the pleadings or attached thereto as an exhibit. If the defendant relied on a special contract in writing, the defendant should have filed an appropriate plea setting up the contract. *Louisville Railroad Co.* v. *Cody,* 119 *Ga.* 373 (46 S. E. 429). In *Harp* v. *Abbeville Investment Co.,* 108 *Ga.* 179 (33 S. E. 998), it was said that this section of the code "requires that copies of contracts, obligations to pay, and other writings should be exhibited only when they constituted the cause of action, or the relief prayed for must be based thereon." The copy of account attached to the petition in this case includes several items besides that which is stated to be the contract price of the building, and is as follows:

"Contract price of bank building . . . . . . $7950.00
Extra cement sidewalk . . . . . . . . . 174.75
Marble wainscoting . . . . . . . . . 143.30
Extra setting bank fixtures . . . . . . . . 10.00
_____
$8278.75"

Certain credits and a cash payment of $7,987.55 amounted to $8,028.75, leaving a balance of $250, for which the suit was brought. So it is not apparent that the suit was based on a written contract (or that a contract could be connected with it in any other way than in an evidentiary way); for the defendant had already paid more than the contract price of the bank building, and the amount claimed is less than the two items for sidewalk and marble wainscoting, which can not be held to refer to the contract price of the building as stated.

We do not think the petition was demurrable, under the ruling in *Roberts* v. *Leak,* 108 *Ga.* 806 (33 S. E. 995), that "where an action is brought on account, a recovery may be had by proving a special contract, if the terms of the contract can be gathered from the bill of particulars." Counsel for the plaintiffs in error state in their brief that the item "contract price of bank building" would seem to refer to the purchase-price of a bank building sold by Ittner Brothers to the Farmers State Bank. The statement of account does not disclose this fact. It is just as consistent with the

supposition that Ittner Brothers, as builders, contracted to build for the Farmers State Bank on'a lot owned by the bank. The present case is dissimilar in its facts to that of *Southern Express Co.* v. *Cowan*, 12 *Ga. App.* 318 (77 S. E. 208), which is cited by counsel. In that case it was distinctly alleged that the cause of action depended upon a contract, the nature of which was stated, and the case fell squarely under the provisions of section 5541 of the Civil Code, supra. In the present case, as we see it, construing the allegations in strictness adversely to the pleader, the most that appears is that the plaintiffs expect to prove one fact,—that of price,—by evidence drawn from the contract.

*Judgment reversed. Roan, J., absent.*