## 5574.　COONEY *v.* FOOTE.

1. Although justices' courts are without jurisdiction of proceedings to foreclose liens upon real estate, a summons which requires a defendant to answer a suit upon an account is not so defective as to be subject to dismissal merely because the summons also requires the defendant to answer "plaintiff's demand to establish a lien upon real estate." Especially is this true when the account is fully and distinctly set forth in an itemized bill of particulars attached to the summons.

2. Treating the action as a suit upon an account, the defect caused by the attempt to foreclose a lien on real estate in the same proceeding was cured by an amendment striking all reference to the foreclosure of the lien.

3. The existence of an antecedent contract to perform labor does not preclude a plaintiff from proceeding by suit upon an account to recover the reasonable market value of services performed under the contract, when there was no express stipulation as to the value of the services to be performed, and the compensation therefor necessarily depended upon an implied promise to pay.

4. The evidence authorized the verdict, and there was no error in the judgment overruling the motion for a new trial.

　　　　　DECIDED DECEMBER 22, 1914.

Complaint; from municipal court of Atlanta. February 17, 1914.

*Bryan & Middlebrooks, Guy W. Parker,* for plaintiff in error.

*A. E. Wilson,* contra.

RUSSELL, C. J. Foote brought suit against Cooney in a justice's court, to recover $36, a balance alleged to be due him upon an account, and sought, in the same action, to foreclose a materialman's lien upon real estate. The summons described the suit as "an action of debt due upon an account and to establish a lien on real

estate," and a copy of the account was attached to the summons. Prior to the establishment of the municipal court of Atlanta a judgment had been rendered in the case and an appeal taken to a jury, and in this state of the record the case came on for trial before a jury in the municipal court, and the trial resulted in a verdict in favor of the plaintiff. The plaintiff in error assigns error upon the refusal of the appellate division of the municipal court to sustain his motion for a new trial, and also complains that the court erred in refusing to dismiss the suit upon the ground that the justice's court had no jurisdiction of suits to foreclose liens against real estate, and that the court erred in allowing an amendment by which the foreclosure of the lien was abandoned and the suit was converted into a mere common-law action on an open account.

1, 2. Of course, justice's courts are without jurisdiction to entertain proceedings to foreclose liens upon real estate, for courts of limited jurisdiction take nothing by intendment, and an express enactment would be necessary to confer such authority upon this inferior judicatory. *Bell* v. *Rich,* 73 *Ga.* 245. However, niceties of pleading are not required in justice's courts, and in the present case, while it appeared from the summons that the plaintiff sought to "establish a lien upon real estate," the proceeding was also in the nature of a suit upon an account, and the statement that it was such a suit was made in the summons, to which was attached an itemized statement of the various articles furnished and of the repairs made by the plaintiff. The court did not err in refusing to dismiss the action, since the plaintiff met the motion by an offer so to amend as fully to obviate the objections urged by the defendant. *Atlanta & West Point Railroad Co.* v. *Georgia Railway & Electric Co.,* 125 *Ga.* 798 (54 S. E. 753). To use the words of Mr. Chief Justice Sanderson in *Nevada County* v. *Kidd,* 28 Cal. 684, "Where a pleader stands upon his pleading and maintains its efficiency in law in the presence of a demurrer or other hostile attack, the rule to which counsel appeals with so much confidence [that pleadings are to be taken most strongly against the pleader] undoubtedly applies. In such a case all doubts are to be resolved against the pleader. He asks no mercy and is entitled to no quarter. But that is not this case. Here the pleader confesses his pleading is bad and that it imperfectly and ambiguously expresses his meaning and

intent, and he therefore appeals to the mercy of the court to be allowed to amend it 'in furtherance of justice,' so as to present more clearly his cause of complaint. To such a case the rule under consideration, which is a rule of war and not of mercy, can have no possible application. On the contrary, the utmost liberality consistent with the ends of justice ought to be exercised by the court." Upon the same general principle, as well as under the rule announced in *Becker* v. *Kenney,* 15 *Ga. App.* 239 (82 S. E. 936), the court properly allowed the amendment proposed by the plaintiff, by which all reference to the foreclosure of the lien was stricken, and the suit upon the account allowed to proceed.

3. The defendant's insistence that the undisputed evidence showed that if the defendant owed the plaintiff anything, it was on an express contract, and not on an open account, is not sustained by the record, and is without merit. A suit may be maintained as upon an open account although the indebtedness upon the account had its origin in an antecedent contract. In such a case the contract is evidence merely of liability, and proof of the account measures the amount of the liability. The mere fact that one has contracted to perform services for another does not necessarily require that the contract be pleaded when the plaintiff seeks only to recover the fruits of the contract in accordance with its terms. *Ittner* v. *Farmers State Bank,* 15 *Ga. App.* 235 (82 S. E. 909). However, in the view which we entertain of the evidence in the present record, there is nothing to show more than that the plaintiff was employed by the defendant to do certain work and furnish certain material (impliedly for its market value), from which resulted, as matter of law, an implied promise on the part of the defendant to pay reasonable compensation upon completion of the work. Only one item of the account (the roofing of the porch) appears to have been the subject of express contract, and the terms of this contract were not in dispute.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.                    *Judgment affirmed.*