## WOODWARD *v.* FULLER *et al.*

1. The proffered amendment was germane to the cause of action set forth in the original petition, and was improperly rejected by the court.

2. The error in disallowing the amendment rendered nugatory all subsequent steps in the trial of the cause.

No. 589. JULY 10, 1918.

Equitable petition. Before Judge Searcy. Monroe superior court. May 19, 1917.

Elnora Woodward filed her petition in equity against U. S. Fuller and G. Z. Blalock, and alleged as follows: She is the owner and in possession of 210 acres of land, more or less, consisting of two described tracts; she holds title to one of the tracts, consisting of 102 acres, under a deed from Robt. Woodward, her husband, dated March 7, 1904; she purchased the other tract, consisting of 108 acres, from the heirs at law of her father. On January 14, 1914, she conveyed the latter tract to the defendants to secure the purchase-price of $1100 advanced by them to her to enable her to purchase that tract from the heirs of her father. At the date of the deed from her husband, conveying to her the 102-acre tract, the same was incumbered by a deed from her husband to the British and American Mortgage Company, to secure a loan of $650, on which he had paid $350. On February 1, 1907, the defendants, at the instance and request of the plaintiff, paid to the

mortgage company the balance due on the loan just mentioned, taking from the mortgage company a quitclaim deed to the 102-acre tract. The plaintiff did not contract to sell and the defendants did not buy the last-named tract of land or either of said tracts. She is in possession of them and the defendants have never been in possession. The quitclaim deed from the mortgage company to the defendants was made for the sole purpose of securing the indebtedness alleged. On March 11, 1907, and after the defendants had paid out for the plaintiff the $1100 for the purchase-price of the 108-acre tract, and the $300 to the mortgage company, they executed and delivered to her a bond for title, whereby they obligated themselves to make to her good and sufficient title in fee simple to both tracts, containing 210 acres, more or less, upon the payment of a note made by her to them. An indebtedness of approximately $750 due by her husband, was included, in addition to the two items aforesaid, in the note which the plaintiff executed to the defendants, but she is not liable for the debt of her husband. The defendants have procured the bond for title from her by fraud, it having been taken from her possession without her knowledge or consent. She has paid the defendants the $1100 and $300 aforesaid. The prayers of the petition were, for an accounting, for cancellation of the note given by the plaintiff to the defendants, for a decree declaring the bond for title to be the property of the plaintiff, for the specific performance of the contract, and for general relief. An ancillary petition was filed, seeking to enjoin the defendants from prosecuting certain proceedings against the plaintiff's husband and her son, for collection of rent and for eviction from the land. To the petition the defendants answered, that when the note made by the plaintiff to them fell due, she entered into an agreement by which she surrendered all interest in the land in consideration of the surrender and cancellation of the note; that there was a mutual rescission of the contract and a mutual surrender of all papers evidencing such contract; and that thereafter the defendants rented the lands to the plaintiff's husband, who paid to them as rents all the sums of money now claimed by the plaintiff to have been paid by her upon her note. The issues thus joined were submitted to a jury, and a verdict was returned for the defendants. The plaintiff excepted to the refusal of the court to grant her a new trial, and the

judgment of refusal was reversed by the Supreme Court. *Woodward* v. *Fuller*, 145 *Ga.* 252 (88 S. E. 974).

At the last trial the plaintiff offered an amendment to her petition, in substance as follows: She is the owner of the tract of land purchased by her from her husband, and she is entitled to recover this land, whether the bond for title made by the defendants was voluntarily surrendered by her to them or was procured from her by fraud, as alleged in her original petition. The defendants claimed this land under a quitclaim deed from the mortgage company, which company conveyed to the defendants only the right, title, and interest held by it to secure the debt of the plaintiff's husband to the company. The defendants have never received from the plaintiff's husband any conveyance of any kind to this tract of land; the plaintiff has never made any deed of any kind conveying said tract to the defendants; her husband has never transferred his bond for title from the mortgage company to the defendants; the mortgage company was not authorized to convey full and complete title to the defendants; the plaintiff's title to said land is superior to all claims of the defendants, except the right to be reimbursed the amount paid by them to the mortgage company; and this amount has been paid to the defendants from the proceeds of said land. The plaintiff prayed, that, if upon an accounting it should be found that any portion of the amount paid by the defendants to the mortgage company was yet unpaid, she be allowed to pay the same, and that thereupon title to the said tract of land be decreed to be in her. To the amendment the defendants objected upon the grounds, that it set forth no cause of action, that it set forth a new and different cause of action, and that the plaintiff is estopped from asserting title to the tract of land described therein, she having accepted the bond for title thereto from the defendants. The court refused to allow the amendment. The trial of the case resulted in a verdict for the defendants. The plaintiff made a motion for new trial, which was overruled, and she excepted. She assigned error also upon her exceptions pendente lite to the order disallowing the amendment.

*C. J. Lester,* for plaintiff.

*H. E. Chambliss* and *Persons & Persons,* for defendants.

GEORGE, J. The amendment should have been allowed. It is to be noticed that the plaintiff purchased the Robert Woodward tract of land on March 7, 1904. She contracted to purchase the

tract of land, described as the 108-acre tract, from the heirs of her father in January 1907. She applied to and obtained from the defendants the money with which to pay the purchase-price of this latter tract. The deed was taken to the plaintiff, and she in turn executed a warranty deed to the defendants. She did not convey to the defendants the Robert Woodward tract. On February 1, 1907, seventeen days after the execution of the deed by which she conveyed to the defendants the 108-acre tract, the plaintiff requested the defendants to pay off the balance due upon the loan upon the Robert Woodward tract. The defendants paid the balance due upon this loan, and received from the mortgage company a quitclaim deed to the land. The amendment alleges that Robert Woodward did not transfer his bond for title from the loan company to the defendants, and that he had never made to the defendants any deed to the land formerly owned by him. On March 11, 1907, the defendants executed a bond for title to the plaintiff, which she accepted. It is true that in the original petition the plaintiff alleged that she was entitled to have the conditions of the bond performed and title to all the land made to her, according to the terms of the bond. The amendment does not deny title in the defendants to the Robert Woodward tract of land. It does deny absolute and unconditional title in them. It recognizes that the defendants succeeded to the title held by the mortgage company, but that they hold the title solely for the purpose of securing the amount of money advanced by them to the mortgage company upon the Robert Woodward loan. The loan by the defendants to the plaintiff of $1100 and the payment of $300 to the mortgage company upon the request of the plaintiff, in our opinion, under plaintiff's allegations, constitute separate and distinct transactions. The mere acceptance by the plaintiff of the defendants' bond for title conditioned to convey both tracts of land upon the payment of an aggregate sum of money, made up of the item of $1100 and the item of $300, as disclosed by the petition, will not estop the plaintiff from showing the true transaction. If she has paid the $300, together with interest thereon, advanced by the defendants to the mortgage company for her benefit, there would appear to be no good reason in law or in equity why she can not have the relief prayed in the rejected amendment, assuming her allegations to be true. See *McCandless* v. *Inland Acid Co.,* 115 *Ga.* 968 (42 S. E. 449).

The amendment set forth a cause of action, and we do not think

it set up a new and different cause of action from that set out in the original petition.

The court having erroneously refused the amendment, the subsequent trial of the case was nugatory.

*Judgment reversed. All the Justices concur.*