## 17275.  HEYWARD *v.* RAMSEY.

1. The amendment allowed did not set forth a new and distinct cause of action.
2. In the original petition there was enough to amend by.
3. It was not necessary to attach to the petition a copy of the contract referred to therein.

DECIDED JUNE 15, 1926.

Complaint; from Habersham superior court—Judge J. B. Jones. November 24, 1925.

This is the second appearance of this case in this court.  When first here it was held that the allegations in the original petition were not sufficient to support an action for an "account stated." See *Heyward* v. *Ramsey,* 31 *Ga. App.* 14 (121 S. E. 847), where the original petition of the plaintiff is shown.  When the case was again tried in the superior court the plaintiff, by amendment, struck from the petition the allegation that the indebtedness for which suit was brought was for an "account stated and agreed to," and submitted in lieu thereof the words "upon an open account." This amendment was demurred to in writing, as follows:  "1. That said amendment filed on the 26th day of November, 1924, undertakes to set forth a new and distinct cause of action from the original effort of an alleged cause as contained in the petition; that said petition and amendment do not set out a bill of particulars, and do not set out a cause of action on an open account.  2. That plaintiff seeks in said amendment to sue on an open account, but the pleadings of plaintiff, contained in the original petition and

---

Appeal and Error, 4 C. J. p. 864, n. 34.

Pleading, 31 Cyc. p. 362, n. 39; p. 415, n. 29; p. 556, n. 69.

said amendment, show that no kind of an account was created between plaintiff and defendant; there is nothing in the alleged facts constituting an open account nor one stated—no items alleged and no time alleged when created, and how created and what constitutes the same." The petition was further demurred to upon the ground that it "alleged that there was a contract between plaintiff and defendant, and plaintiff did not set out the terms of the contract nor attach copy of the same." These demurrers were overruled and exceptions pendente lite were filed. Upon the last trial of the case the jury found in favor of the plaintiff. The defendant made a motion for a new trial on the general grounds. The motion was overruled, and the defendant excepted, alleging error in the overruling of the demurrers and in refusing to grant a new trial.

*Thad. L. Bynum,* for plaintiff in error.

*J. C. & H. E. Edwards,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The court did not err in overruling the demurrers.

1. The amendment did not set forth a new and distinct cause of action from that alleged in the petition. The amendment does not contain any other or different wrong from that pleaded in the original petition, but the additional matter is simply descriptive of the same wrong. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318); *Moore* v. *Hendrix,* 144 *Ga.* 646 (3) (87 S. E. 915).

2. There was enough in the original petition to amend by. "There was a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon so as to enable the court to determine whether the facts to be introduced by the amendment are a part and parcel of the same case." *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 692 (6) (13 S. E. 809). The amendment did nothing more than to perfect an imperfect cause of action.

3. Though the petition alleges that the amount due the plaintiff was for services rendered "as per contract," it was not necessary to attach a copy of the contract, for it "is not declared on, does not constitute the cause of action, and there is no prayer for relief based thereon. Civil Code, § 5541. The contract (if there

be one in writing) is simply evidence of the indebtedness and could be used as such." *Ittner* v. *Farmers State Bank,* 15 *Ga. App.* 235 (89 S. E. 909) ; *Cooney* v. *Foote,* 15 *Ga. App.* 457 (3) (83 S. E. 896) ; *Chatham Abattoir &c. Co.* v. *Painter Engineering Co.,* 28 *Ga. App.* 383 (111 S. E. 82) ; *Southern Ry. Co.* v. *Grant,* 136 *Ga.* 303 (1), 304 (71 S. E. 422, Ann. Cas. 1912C, 472) ; *Roberts* v. *Leak,* 108 *Ga.* 806 (33 S. E. 995) ; *Schmidt* v. *Wambacker,* 62 *Ga.* 321.

4. There was some evidence to support the finding of the jury, and the verdict having been approved by the trial court the judgment is          *Affirmed. Broyles, C. J., and Luke, J., concur.*