34133. HENRY *v.* HEMSTREET, executor.

Decided September 3, 1952—Rehearing denied September 18, 1952.

*Fulcher & Fulcher,* for plaintiff in error.
*Boller & Yow,* contra.

· CARLISLE, J. 1. As declaratory of the common law, it is provided in Code § 4-103: "Whatever one may do himself may be done by an agent." The petition as amended alleged that the services of nursing and caring for Mrs. Doscher were rendered by the plaintiff, through her agents, Louise Thomas and Clara Watkins. "In the normal course of human affairs where one person renders a service valuable to another which is accepted by the latter, he does so either under an express or implied promise of the recipient of such service to pay for the service, or the service is rendered gratuitously. Among members of a family group the services of one member in caring for another member are presumed to have been gratuitously rendered. Code, § 3-107. This presumption, however, may be rebutted by proof of an express promise on the part of the recipient of the services to pay for such services, or, at least where adults are concerned, by proof of an implied promise to pay for the services by taking into consideration in such latter case the nature of the services and the facts and circumstances under which the services were rendered. *Murrell* v. *Studstill*, 104 *Ga.* 604 (30 S. E. 750); *Howard* v. *Randolph*, 134 *Ga.* 691 (68 S. E. 586); *Westbrook* v. *Saylors*, 56 *Ga. App.* 587 (193 S. E. 371); *Tatum* v. *Moss*, 58 *Ga. App.* 434 (198 S. E. 814); *Humphries* v. *Miller*, 66 *Ga. App.* 871 (19 S. E. 2d, 321)." *Guyton* v. *Young*, 84 *Ga. App.* 155, 162 (65 S. E. 2d, 858); *Watts* v. *Rich*, 49 *Ga. App.* 334 (175 S. E. 417); *Moore* v. *Smith*, 121 *Ga.* 479 (49 S. E. 601); *Cooney* v. *Foote*, 15 *Ga. App.* 455 (5) (83 S. E. 896); *Kraft* v. *Rowland*, 33 *Ga. App.* 806 (128 S. E. 812); *Strahley* v. *Hendricks*, 40 *Ga. App.* 571 (150 S. E. 561). The petition as amended contained no allegation of a familial relationship between the plaintiff and Mrs. Doscher so as to raise the presumption that the services of nursing and caring for Mrs. Doscher were gratuitously performed by the plaintiff; nor does it otherwise appear from the petition as amended that the plaintiff intended the services as a gratuity and that Mrs. Doscher accepted them as such. Under this state of the pleadings the petition as amended stated a cause of action for the reasonable value of the services rendered by the plaintiff, through

her agents, which were accepted by Mrs. Doscher, (Code, § 3-107), and the action was properly brought against Mrs. Doscher's executor.

It is contended, however, by counsel for the defendant that the amendment should not have been allowed in the first instance and that the trial court was correct in later disallowing it upon objection as the amendment set forth a new and distinct cause of action. We can not agree.

"Plaintiffs and defendants, whether at law or in equity, may at any stage of the cause, as a matter of right, amend their pleadings in all respects, in matters of form or substance, if there is enough in the pleadings to amend by. Code (1910), § 5681 [Code, § 81-1301]. Clearly the right to amend is exceedingly broad. *Georgia R. &c. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Cox* v. *Ga. R. &c. Co.,* 139 *Ga.* 532, 533 (77 S. E. 574). Amendment is a resource against waste. *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691, 697 (13 S. E. 809); *Atlanta &c. R. Co.* v. *Ga. Ry. &c. Co.,* 125 *Ga.* 798 (54 S. E. 753). The practice as to the allowance of amendments is very liberal. *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333); *Kemp* v. *Central Ry. Co.,* 122 *Ga.* 559 (50 S. E. 465); *Mendel* v. *Miller,* 134 *Ga.* 610 (68 S. E. 430). If an amendment is germane to the original cause of action, it should be allowed. *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806); *Woodward* v. *Fuller,* 148 *Ga.* 239 (96 S. E. 323). Where an amendment does not set forth a different cause of action from that alleged in the petition, it is the right of the plaintiff, upon election, to amend. *Gabbett* v. *Atlanta,* 137 *Ga.* 180 (73 S. E. 372)." *Jenkins* v. *Lane,* 154 *Ga.* 454, 471 (115 S. E. 126).

"A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code, § 81-1302.

While, from the original petition, it is not clear whether the plaintiff was declaring upon the common count of *money paid* or the common count of *services rendered,* the petition partakes more of the nature of the former; and while it is doubtful that as against even a general demurrer it would have stood the test of stating a cause of action as one for money paid or for services rendered, one thing is certain, the plaintiff was, in that petition, endeavoring to recover upon an assumpsit for the nursing and care of Mrs. Doscher, and, for the purposes of amendment, under the rules as to amending stated above, the original petition was sufficient. See in this connection Smith *v.* Palmer, 60 Mass. 513. The amendment perfected the petition as one for services rendered by the plaintiff and accepted by the defendant executor's testator, and the court erred in disallowing the amendment upon objection that it stated a new and distinct cause of action.

Consequently, having erred in disallowing the amendment, the trial court erred in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*