## 37712. FINN *v.* CARDEN.

DECIDED SEPTEMBER 9, 1959—REHEARING DENIED
SEPTEMBER 30, 1959.

*Casper Rich, Noah J. Stone,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, George B. Haley, Jr.,* contra.

QUILLIAN, Judge. Count 1 of the petition, before it was amended, set forth a right of the plaintiff to recover the contract price of building the defendant's house on the basis of quantum meruit. Since the count did not, in the form it was brought in, undertake to set out a suit on the contract, it was not necessary that a copy be incorporated therein or attached thereto as an exhibit. *Ittner Bros.* v. *Farmers' State Bank,* 15 *Ga. App.* 235, 82 S. E. 909, holds: "A petition as upon an open account, with a copy of the alleged account attached, one item of which is, 'To contract price of bank building,' is not subject to demurrer on the ground that 'there is not set forth in the petition, nor attached thereto, a copy of the contract referred to in exhibit A (the account), nor are the terms and stipulations of said contract substantially set forth in the petition.' The words 'contract price' do not necessarily imply a written contract; and even if they do, the suit was properly brought, for the contract is not declared on, does not constitute the cause of action, and there is no prayer for relief based thereon." Other authorities supporting the view pronounced are: *Cooney* v. *Foote,* 15 *Ga. App.* 455, 457 (83 S. E. 896) ; *Heyward* v. *Ramsey,* 35 *Ga. App.* 472, 473 (134 S. E. 119) ; *Burch* v. *Harrell, Cadwell & Co.,* 93 *Ga.* 719 (20 S. E. 212).

Count 1 also alleged a valid cause for the price of the changes and additions. The right of recovery is not affected by the clause of the contract which stipulated that except for minor changes in the work not involving extra cost, no extra work or change in the original contract or specifications should be made unless in pursuance of a written order from the owner signed or countersigned by the architect, or a written order from the architect stating that the owner has authorized the extra work change, and no claim for an addition to the contract sum shall be valid unless so ordered. This is true because it was alleged that the changes and additions were not made in accordance with the contract, but the plaintiff and his wife directed them to be made; that the wife was given authority to direct

the work, and the changes and additions when complete, were accepted by the defendant.

An averment of the count shows: "That in paragraph 15 of the contract it provides for changes in addition to those called for in the contract, the contractor was to receive payment and one of the methods is by cost and a fixed fee and the petitioner alleges and has set out herein that the additional work performed is $1,036.35 and that 20% is a reasonable fee for this work, or a total of $207.27, and in addition he is entitled to receive 20% of $757.21 extras authorized performed and paid for by the plaintiff which is $151.44."

The plaintiff's right to recover the price of the changes and additions, though they were not made under the terms of the contract, according to the averments of the count were based, at least in part, on the contract. Hence, the trial judge did not err in requiring the contract which was not incorporated in the petition to be attached thereto as an exhibit. A right of action is to some extent predicated on a contract when the amount of the recovery sought is to be arrived at by a method which the pleader asserts is provided by the contract.

When a copy of the contract was attached to the petition it revealed that a condition precedent to the plaintiff suing for the contract price of building the house was his compliance with the provisions of the contract, that the architect approve the plaintiff's work as fully completed, or that the question of the building's completion had been determined by arbitration. There being no allegation of the count that the work was approved by the architect or that the question had been determined by arbitration instituted for the purpose, the first count as amended disclosed that the present suit for the contract price of the house was premature. In *Southern Mfg. Co.* v. *R. L. Moss Mfg. Co.*, 13 *Ga. App.* 847, 856 (81 S. E. 263) it is stated: "We conclude, therefore, that a stipulation in a building contract to the effect that the compensation of the builder shall be due and payable only on the certificate of a named engineer is a condition precedent, and that an allegation of compliance with this condition is essential to the maintenance of an action brought to recover the unpaid balance of the compensation pro-

vided for in the contract, and to enforce collection by foreclosure of the materialman's lien. And though this stipulation may be waived (as any provision of any contract may be waived), still the failure or refusal of the umpire, chosen by the parties, to give a certificate does not in such a case entitle the builder to sue upon the contract; and certainly if the engineer named in the contract as arbiter (and whose decision as to the completion of the contract is to be final) has given a certificate stating that the contract has not been completed or complied with, a recovery can not be had under the contract; and a suit upon a quantum meruit, to recover the value of the services and material furnished, would be the plaintiff's appropriate remedy."

That rule is also recognized in *Henderson* v. *Cochran*, 213 *Ga.* 642 (100 S. E. 2d 910); *State Highway Dept.* v. *MacDougald Const. Co.*, 189 *Ga.* 490, 498 (6 S. E. 2d 570, 137 A.L.R. 520).

We have not overlooked the contention that the defendant owner waived the condition of the contract requiring the certified approval of the architect, and the submission of any disagreement of the parties as to whether the house had been built in compliance with the construction contract to arbitration, because the building when completed was accepted by the defendant. Acceptance of a completed building after the time for its completion has expired does not waive the owner's right to a reduction in the purchase price (*Cannon* v. *Hunt*, 116 *Ga.* 542 (5), 42 S. E. 734), and the law is equally as clear that an owner can not accept a completed job of construction and refuse to pay any part due on the building price. *Bandy Bros.* v. *Norton Frierson's Sons*, 138 *Ga.* 515, 516 (6), 520 (75 S. E. 626); *Harden* v. *Lang*, 110 *Ga.* 392 (36 S. E. 100).

It is apparent from the allegations of count 1 that a greater part of the building price had been paid, hence, the defendant could move into the house and still contend it was not built as required by the construction contract. However, when the contract was attached as an exhibit to the petition, the amendment did not change or alter the plaintiff's right to recover for the changes and additions. Even with the contract attached the count alleges a right of recovery for changes and additions

not made under its terms, and nothing in the contract is contrary to the cause set forth.

Where the allegations of a count show the plaintiff's right to recover in some amount the count is not subject to general demurrer. *Green* v. *Ford*, 72 *Ga. App.* 681 (2) (34 S. E. 2d 913).

The rulings as to the judgment of the trial court requiring a copy of the contract attached as an exhibit to the count, that the count set forth no right of recovery for the contract price of the house because the action was prematurely instituted, but did set forth a valid right of recovery for the changes and additions referred to in paragraph 11 of the count are applicable to count 2. Hence, a general demurrer ought not to have been sustained to count 2.

*Affirmed in part, and reversed in part. Felton, C. J., and Nichols, J., concur.*