40841. HAMES v. GEORGIA INSURANCE SERVICE, INC.

DECIDED SEPTEMBER 29, 1964.

*John M. Hames, Robert J. Golden,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel,* contra.

EBERHARDT, Judge. ■ An itemized statement of the account sued on, giving the full information as to the amount of earned premium alleged to be due upon each of the policies issued, the types of coverage and numbers of the policies was attached to the petition as an exhibit. The demurrers calling for copies of the policies were without merit and were properly overruled. *Code* § 81-105 requires writings to be attached to the petition only when "they constitute the cause of action, or the relief prayed for must be based thereon." Neither condition exists here. And see *Ittner Bros. v. Farmers State Bank,* 15 Ga. App. 235 (82 SE 909); *Shaheen v. Kiker,* 105 Ga. App. 692 (1) (125 SE2d 541).

■ The only question raised by the motion for new trial is whether there was any competent, legal evidence to support the judgment. The manager of plaintiff testified that Hames came in personally to arrange for the issuance of the policies, represented that he and Bagwell had acquired the truck line, that he then promised to pay the premiums, and further that on later occasions Hames repeated his promise to pay at least three times. Upon the trial Hames testified that the truck line was not owned by him or Bagwell, but was owned by Harold Investment & Insurance Company, a corporation, which acquired it from Blume.

A question was raised by the evidence as to whether Hames held himself out as an owner or as a partner in the ownership of the truck line in arranging for the issuance of the policies, whether he personally obligated himself to make payment of the premiums, and whether the plaintiff, relying upon his representations of ownership and his promise of payment, issued the policies. The judge resolved the questions against Hames, as we think he was authorized to do.

Hames urges that since the petition was brought against Blume, Bagwell and himself alleging that each was an owner of the truck line but failing to allege whether their relationship was that of partners or of something else the judgment was not authorized.

The question as to what relationship was relied upon in bringing the action might have been raised by demurrer, but that was not done. Consequently if, as the judge concluded, the evidence authorized a judgment against him but not against the other defendants, there was no error in the entering of a judgment against him and a nonsuit as to the others.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*