8343, 8344. WHEELER v. PORTER; and *vice versa.*

BROYLES, P. J. 1. The only assignment of error argued in the brief of counsel for the plaintiff in error is that the court erred in instructing the jury, in substance, that if they came to the conclusion that there was no certain and definite contract or agreement between the parties, they would be authorized to find for the plaintiff on a quantum meruit, provided he rendered valuable services to the defendant. In our opinion this charge was unauthorized by the pleadings and the evidence, but, the jury having returned a verdict for the full amount sued for under the contract, it is not shown that this charge was harmful to the defendant; and, therefore, it does not require a reversal of the judgment below.

2. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

3. The ruling upon the main bill of exceptions renders a consideration of the cross-bill unnecessary.

*Judgment on the main bill of exceptions affirmed. Cross-bill dismissed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1917.

Complaint; from Catoosa superior court—Judge Fite. December 20, 1916.

The petition alleged that the defendant was indebted to the plaintiff in the sum of $450, by reason of the following contract: that the defendant contracted with the plaintiff, a real-estate dealer, to sell the defendant's farm, and agreed to pay him $500, and the plaintiff obtained a purchaser for the farm, and that after the sale the defendant desired the plaintiff to knock off some from the $500, and the plaintiff agreed to take $450 as his commission, which 'the defendant agreed to pay. It was alleged that the defendant failed and refused to perform either of these contracts.

*J. M. Rudolph, Maddox, McCamy & Shumate,* for Wheeler.
*William E. Mann,* contra.