*C. S. Claxton, H. T. Hicks,* for plaintiff in error.
*W. C. Brinson, J. L. Kent,* contra.

## 21673.   ANDERSON *v.* AMERICAN NATIONAL INSURANCE CO.

JENKINS, P. J.   This was a suit on a policy of life insurance, to which there was a plea of suicide occurring within one year from the time of the issuance of the policy.   On the trial the defendant admitted a prima facie case and assumed the burden of proof, and the trial resulted in the direction of a verdict for the defendant, to which the plaintiff excepts by a direct bill of exceptions.   Certain oral testimony is set forth in the bill of exceptions, and the bill recites that certain documentary evidence, including the policy sued on, and the proofs of death, embracing the statement of the claimant, the certificate of the undertaker, and the statements of the attending physician, was introduced by the defendant, and that copies of such documents are attached to the bill of exceptions as exhibits.   These exhibits are not identified by the judge, or referred to in the certificate of the judge to the bill of exceptions.   *Held:* Since the bill of exceptions shows on its face that evidence material to a consideration of the errors assigned is not before this court in such a manner that it can be considered, and since the question raised by the assignment of error, to wit, that the evidence introduced made an issue of fact for submission to the jury, necessarily involves a consideration of the documentary evidence, this court can not adjudicate that any error was committed, or that there should be a judgment of reversal.   *Waldrip* v. *Slagle,* 161 *Ga.* 464 (131 S. E. 53).

> *Judgment affirmed.   Stephens and Bell, JJ., concur.*
> DECIDED FEBRUARY 9, 1932.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.