22977. ARRINGTON *v.* HORTON.

STEPHENS, J. 1. Allegations in a petition which are denied in the defendant's plea, and allegations in an amendment to the petition which the defendant is not required to answer, have no value as evidence, other than as admissions by the plaintiff. *Hudson* v. *Hudson*, 119 *Ga.* 637 (4) (46 S. E. 874); *Miller* v. *Georgia Railroad Bank*, 120 *Ga.* 17 (3) (47 S. E. 525); *Brown* v. *Atlanta, Birmingham & Atlantic Railroad Co.*, 131 *Ga.* 259 (62 S. E. 86); *Brown* v. *Tomberlin*, 137 *Ga.* 596 (73 S. E. 947); *Seaboard Air-Line Ry. Co.* v. *D'Avignon*, 39 *Ga. App.* 111 (146 S. E. 518); *Gary* v. *Central of Georgia Railway Co.*, 44 *Ga. App.* 120 (5), 127 (5) (160 S. E. 716).

2. Where the plaintiff sued for an amount alleged to have been contracted to be paid for services rendered to the defendant, and the allegation in the petition as to the sum alleged to have been contracted to be paid was denied in the defendant's plea, and where the plaintiff afterwards, in an amendment to the petition, denied that any sum was agreed upon to be paid for the alleged services, but alleged that a named sum was the reasonable value of the services, and these allegations were neither admitted nor denied, and where, upon the trial, there was adduced no evidence tending to show that any sum had been contracted to be paid for the plaintiff's services, or the value of the services rendered except the nature and character of a portion of the services which were rendered, it was error to charge the jury that "the allegations in the petition are in evidence" for the purpose of proving the value of the services "unless they are denied by the defendant." Since it does not appear that this charge did not influence the jury, it is not rendered harmless because the verdict for the plaintiff was less than the alleged contractual sum and also the alleged reasonable value of the services rendered for the period sued for.

3. No question as to the amendment to the petition not being admissible is raised.

4. Since there was some evidence as to the nature and character of a portion of the services which the plaintiff claims to have performed, it was not error, upon the ground that there was no evidence as to the value of such services or of any sum contracted to be paid therefor, that the charge was not authorized by the evidence, the court charging that if the contract named no specific amount, it would be incumbent on the plaintiff to prove by some evidence the reasonable value of the services.

5. Where a contract is within the statute of frauds, the presumption is that it meets the requirement of the statute and is in writing. Where the defendant in a suit upon the contract invokes the protection of the statute, the burden is upon him to make it affirmatively appear that the contract is not in writing. A failure of the evidence to show that the contract is in writing is not sufficient to bring the contract within the statute. A request by the defendant to charge that he would not be liable if the contract was to pay the debt of another, "unless he agreed in writing to be liable therefor, and there being no evidence that he ever agreed in writing to become liable for any indebtedness of" the other person, the jury "would not consider the same," does not state a correct proposition of law.

6. Where the defendant had not pleaded the statute of frauds, he can not, in a motion for a new trial, claim the benefit of the statute upon the ground that the court in the charge to the jury erred in instructing them that if the contract sued on was one by the defendant to pay the debt of another, he would be liable although the contract was not in writing.

7. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., concurs. Sutton, J., concurs in the judgment.*

DECIDED JANUARY 22, 1934.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Henderson L. Lanham,* contra.