30926.   GREEN *v.* FORD.

DECIDED JULY 12, 1945.

682

*Douglas F. Thomas,* for plaintiff.

*W. Glenn Thomas, Joe Thomas,* for defendant.

FELTON, J. ■ Plaintiff's attempted amendment is not properly before the court and can not be passed on for the reason that

it appears in the record after the certificate of the trial judge, to the bill of exceptions, and though designated as "Exhibit A," is not properly identified by the trial judge. Code, § 6-806; *Caldwell* v. *Sturdivant*, 155 *Ga*. 590 (118 S. E. 39); *Anderson* v. *American National Ins. Co.*, 44 *Ga. App*. 663 (162 S. E. 647).

■ Where one enters into a contract for the performance of services that are not to be performed within one year from the making thereof, the contract must be in writing as required by the statute of frauds. Code, § 20-401 (5). Since there is no showing that the contract was not in writing it will be presumed that the contracting parties met the requirements of the law until the contrary appears. *Robinson* v. *Odom*, 35 *Ga. App*. 263 (133 S. E. 53), and cit.; *Harris* v. *Vallee*, 29 *Ga. App*. 769 (116 S. E. 642); *Arrington* v. *Horton*, 48 *Ga. App*. 272 (172 S. E. 677). However, whether the contract was to be performed from year to year or was a contract to be performed in eight years, it affirmatively appears that payment for each year's labor was payable at the end of each year under the allegations of plaintiff's affidavit wherein he alleges that he made demand for payment in the fall of each year during which he labored under the contract. It appears, therefore, upon the face of the affidavit that plaintiff is barred by the statute of limitations on all claims except the claim for labor performed during the year 1944. The Code, § 67-2401 (2), on the foreclosure of liens on personalty states: "It must be prosecuted within one year after the debt becomes due." While barred as to all claims for years prior to 1944, plaintiff's affidavit did state a cause of action as to that year and the court erred in sustaining the demurrer.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*