38232, 38263.  MILLICAN ELECTRIC COMPANY, INC.
v. FISHER; and *vice versa.*

FRANKUM, Judge.  1. A petition may be cast in two counts to afford the plaintiff the benefit of contradictory allegations of the same transaction and to prevent the defendant from defeating the ends of justice by obtaining a nonsuit where equally meritorious, though materially different, causes of action are proved. *Miller v. Southern Ry. Co.*, 21 Ga. App. 367 (94 S. E. 619).  A count based on an express contract may be joined with a count alleging facts to raise an implied promise to pay for services, i.e., quantum meruit, in one petition. *Brannen v. Lanier*, 97 Ga. App. 30 (102 S. E. 2d 96); *Kraft v. Rowland & Rowland*, 33 Ga. App. 806 (128 S. E. 812).  Where there is an express contract but all that remains to be done is a money payment, an action of general assumpsit will lie. *Hancock v. Ross*, 18 Ga. 364.  "Allegations from one count can not be imported into another, either for the purpose of sustaining or destroying it  .  .  ." *Train v. Emerson*, 137 Ga. 730 (74 S. E. 241).  *Bennett v. Mann*, 24 Ga. App. 581 (101 S. E. 706).  However, where allegations of one count admit that the action seeks a recovery for a "bonus," wherein the only basis for a "bonus" is an express contract attached to another count as an exhibit and incor-

porated as a part of the petition, strictly construing the petition, both counts will be construed in the light of the attached exhibit, not only because of the express reference made to it in the pleadings of both counts, but because the exhibit is made a part of the petition as a whole. The averment of an express contract within the allegations of a single count predicated on the theory of quantum meruit is sufficient to subject the count to demurrer (*Thomas McDonald & Co. v. Elliott*, 92 Ga. App. 409, 88 S. E. 2d 440), and, in the instant case, on the additional ground that the pleadings do not claim value for authorized services over and beyond an express contract. *Guaranty Mutual Life &c. Ins. Co. v. Seals*, 27 Ga. App. 378 (108 S. E. 477); *Atlantic Coast Line R. Co. v. Blalock*, 8 Ga. App. 44 (68 S. E. 743). We are of the opinion that the count based on quantum meruit is fatally defective for another reason. The count seeks a recovery of an alleged "bonus." By definition, a bonus is something "extra" for which no services are rendered, (see Webster's New International Dictionary), or, it is something in addition to ordinary compensation under an express contract which is usually added as an incentive. Both definitions are incompatible with the theory of quantum meruit where there is an *implied promise* to pay the value for *services rendered*. By the former definition there are no services rendered, and the latter contemplates an agreed promise to pay. In addition, the bonus in the instant case is not based on services rendered, but on a percentage of the company's profits. The "bonus" has no relation to the value of the services rendered. If there were no profits as defined by the contract, there would be no "bonus." The plaintiff, if entitled to recover at all under the allegations of the petition, must recover for the percentage of the profits and not under the theory of quantum meruit. The trial court erred in overruling the general demurrer to count two of the petition.

2. While many of the allegations of count one of the petition may be subject to special demurrer, they are sufficient to allege an express contract whereby the plaintiff would be entitled to a "bonus" calculated to be 20% of the profits of the company after the deduction of named salaries, but before the deduction of income tax, so long as the plaintiff continued

to be a stockholder. A copy of the defendant's letter attached to the petition as an exhibit reveals an acknowledged accrual of at least $2,568.39 "bonus" to the plaintiff. Where the allegations of a count show the plaintiff's right to recover in some amount, the count is not subject to general demurrer. *Finn v. Carden,* 100 Ga. App. 270 (110 S. E. 2d 693); *Green v. Ford,* 72 Ga. App. 681 (34 S. E. 2d 913).

3. The express contract contains a provision for arbitration of differences of the parties as follows: "In the event of any disagreement as to the interpretation of this contract, Millican and Fisher shall each appoint one arbiter and these two appointees shall appoint a third arbiter. The decision of the majority of these three arbiters shall be final." The defendant in the action contends that the plaintiff must comply with the above provision or show an excuse. We do not agree. In an early case the Supreme Court held: "It has often been held, that an agreement to refer matters in dispute, to arbitration, is not sufficient to oust the Courts of Law or Equity of their jurisdiction." *Leonard v. House,* 15 Ga. 473 (2). Unless the agreement provides that the parties shall arbitrate their differences as a condition precedent to a right to sue, a party may resort to the courts to settle a dispute. *Lawrence v. White,* 131 Ga. 840 (63 S. E. 631, 19 L. R. A. (NS) 966, 15 Ann. Cas. 1097); *Adams v. Haigler,* 123 Ga. 659 (51 S. E. 638); *Liverpool &c. Ins. Co. v. Creighton,* 51 Ga. 95.

*Judgment reversed on main bill of exceptions and the cross-bill. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 7, 1960.

*Sidney Haskins,* for plaintiff in error.
*Terry P. McKenna, Allison W. Wade,* contra.

