## 55488. BOWEN et al. v. KEN-MAR CONSTRUCTION COMPANY, INC.

SHULMAN, Judge.
Appellee-builder sued appellant-owners to recover $11,444.86, plus interest, allegedly owing for labor, building materials and supplies furnished by appellee-builder as general contractor in the improvement of real estate owned by appellants. Appellee also demanded attorney fees. This appeal follows a judgment on a jury verdict awarding the builder the full amount demanded and establishing a special lien. We reverse.

1. Appellant asserts that the charge given on

quantum meruit constituted reversible error. The trial court instructed the jury as follows: ". . .I charge you that the fact that the contract was not completely executed brings into this case the theory of implied contract and damages based upon the legal theory that we refer to as Quantum Meruit. Quantum Meruit means simply a fair amount of pay for services rendered. . .Where Quantum Meruit is an available remedy, value becomes a question for you the jury to decide, *considering the benefits to the owner and the expenditure of money and effort by the builder.*" (Emphasis supplied.)

This charge is contrary to the law of this state. "Where quantum meruit is an available remedy, 'value' means value to the owner rather than the cost of producing the result to the workman." *Brumby v. Smith & Plaster Co. of Ga.,* 123 Ga. App. 443 (1) (181 SE2d 303). Accord, *City of Gainesville v. Edwards,* 112 Ga. App. 672 (145 SE2d 715); *Pembroke Steel Co. v. Technical Sales Assoc.,* 138 Ga. App. 744 (2) (227 SE2d 491).

2. Appellee, citing *Wheeler v. Porter,* 20 Ga. App. 234 (92 SE 952), argues that even if the charge as given on quantum meruit was error, it was harmless. Appellee's reliance is misplaced.

In *Wheeler,* the jury's verdict in favor of plaintiff as to liability also reflected the only correct legal theory of recovery as to damages. Since the charge on quantum meruit was not authorized, recovery on that basis would have been error. The jury in fact rejected that theory of awarding damages and, therefore, no harm was shown.

In the case at bar, appellee concedes that the charge on quantum meruit was authorized by the evidence. Under the circumstances of this case, the erroneous charge constituted reversible error. *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (6) (100 SE2d 902).

3. As the erroneous charge requires a new trial, it would not be proper to consider appellant's enumeration as to the sufficiency of evidence as to attorney fees in this case. *Tompkins v. West,* 123 Ga. App. 459 (2) (181 SE2d 549); *Ga. Power Co. v. Puckett,* 181 Ga. 386 (6) (182 SE 384).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED APRIL 20, 1978.

*John P. Cross,* for appellants.
*C. Lloyd Clay,* for appellee.