### 62338. STOWERS v. HALL.

D<small>EEN</small>, Presiding Judge.

Stowers, a homeowner, entered into an oral contract with the appellee to construct additional rooms and improvements on his house. Hall eventually sued for the balance claimed due under the contract and recovered $12,000 by jury verdict. Stowers appeals.

1. The first enumeration complains that the court, at the conclusion of the plaintiff's evidence, denied Stowers' motion to limit recovery on the ground plaintiff was "seeking damages for profit in excess of the contract price." Plaintiff alleged in his complaint that the oral contract was in the sum of $33,187.24. By amendment he sought an additional $4,968.78 "for services rendered" orally identified as profit. He testified that the contract price was approximately $32,000 after certain deletions. Stowers fixed the price at $31,655. It is uncontradicted that the work was eventually finished by Stowers. Stowers countersued for over $9,000 for plaintiff's breach in failing to finish the construction in the time agreed, faulty construction, and cost of completion. There were also arguments over additions and deletions as the work proceeded. The final verdict of $12,000 was less than the alleged contract price of either party, after crediting the undisputed $15,700 already paid. The action was brought in contract, and both parties testified to an oral contract in slightly differing amounts. This being so, the plaintiff was not under any theory entitled to an additional $4,968.78 "for services rendered" which at the trial meant, according to his testimony, profit to which he felt himself entitled. The appellant's motion at the close of the plaintiff's evidence to direct a verdict against recovery of this amount was well taken. On another trial if the plaintiff wishes to proceed in both contract and quantum meruit it would be proper to do so in a two-count petition. *Millican Electric Co. v. Fisher,* 102 Ga. App. 309 (1) (116 SE2d 311) (1960). Under the pleadings and evidence offered here it was error to allow this amount to be submitted to the jury in addition to the contract price. There can be no recovery on quantum meruit when the action is based on an express contract. *Stevens v. Fort Industries, Inc.,* 88 Ga. App. 584 (77 SE2d 273) (1953).

2. Various measures of damages would be appropriate here

depending upon the view of the evidence taken by the jury. Should they agree with the plaintiff that the contract was wrongfully breached by the owner, he would be entitled to recover his actual expenditure to the date of the breach, less any materials left on hand, and plus the profit built into the contract price, the total, of course, not to exceed the contract price. *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840, 842 (207 SE2d 241) (1974). Should the jury, on the other hand, agree that the contract was wrongfully breached or abandoned by the contractor without fault on the part of the owner, the measure of damages to the owner is the reasonable cost of completion, represented by the difference between the contract price and the reasonable and necessary cost to the owner to have the work done in accordance with the terms of the original contract. *Palmer v. Howse,* 133 Ga. App. 619 (212 SE2d 2) (1974). (This instruction, rather than the language of the refused requested jury instruction complained of in the eighth enumeration of error, should, if requested, have been given by the trial court.)

3. On the other hand, where either there is no specific contract or the contract agreed to is repudiated by both parties, an action sounding in quantum meruit will lie for whatever work was done and accepted. *Brumby v. Smith & Plaster Co.,* 123 Ga. App. 443 (181 SE2d 303) (1971). Where quantum meruit is an available remedy the plaintiff seeks to recover the value of the work and materials furnished, but value must be defined as value to the owner, not the cost to the contractor of producing the result. *Bowen v. Ken-Mar Construction Co.,* 145 Ga. App. 708 (244 SE2d 646) (1978).

4. Special grounds 2, 3 and 4 complain of the rejection of evidence offered in favor of the defendant by a real estate appraiser to the effect that his inspection of the house had revealed specified defects in the workmanship; that stated FHA standards had been violated, and that the stated conditions were such as to prevent a prospective purchaser of the house from obtaining FHA financing. All of these issues are relevant either to the question of whether the plaintiff breached and then repudiated the contract, as contended by the defendant if the action sounded in contract, or to the value to the owner of the work done if plaintiff proceeds also in quantum meruit on retrial, and if the jury finds in favor of this theory of recovery. We have carefully examined the record and are satisfied that sufficient foundation was laid in each case. Rejection of the testimony was reversible error.

5. Enumerations 5 and 6 complain because the court allowed evidence that shortly before the original contract in this case the defendant had borrowed $35,000 from a local bank giving a deed to secure debt as security on the ground that such evidence is irrelevant

and prejudicial. It was apparently admitted in an attempt to impeach the defendant who had stated that he thought the repairs were going to cost about $30,000. The deed to secure debt is not in the record before us. Unless it appears in some manner that the defendant made a representation in borrowing the money that it was all to be used for repairs, we fail to see the relevancy of the testimony. Under the record before us this evidence was irrelevant to any issue in the case.

6. The seventh enumeration of error refers to the rejection of six requests to charge the jury that the plaintiff had breached the local building code in specified ways. The court did correctly instruct the jury that the Building Code of Rockdale County formed a part of the agreement between the parties and the plaintiff was bound to construct the improvements in accordance therewith. The court need not discuss every piece of evidence in detail, nor need he give the exact language of the request if he does in fact substantially cover the legal principles involved. *Pollard v. State*, 236 Ga. 587, 589 (3) (224 SE2d 420) (1976). The charge on this issue was sufficient.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1981.

*James M. Anderson III, A. R. Barksdale,* for appellant.
*John A. Nix,* for appellee.

