A00A2451. KWICKIE/FLASH FOODS, INC. v. LAKESIDE PETROLEUM, INC.
(541 SE2d 699)

ELDRIDGE, Judge.

Appellee-plaintiff Lakeside Petroleum, Inc. ("Lakeside") brought the instant action for breach of contract[1] or, in the alternative, for quantum meruit or unjust enrichment against appellant-defendant Kwickie/Flash Foods, Inc. ("Flash Foods"). Lakeside sought damages in the amount of $21,297.42, the balance owing for gasoline and diesel fuel it delivered to a Milledgeville Flash Foods store. Flash Foods timely filed its answer denying the material allegations of the complaint and admitting its receipt of such fuel in the alleged amount under a contract between the parties. Thereafter, Lakeside filed its motion for judgment on the pleadings, arguing that Flash Foods had otherwise admitted liability for the value of the fuel on quantum meruit or an unjust enrichment theory, Counts 2 and 3 of the complaint, respectively. Flash Foods now appeals from the superior court's order granting Lakeside judgment on the pleadings in the sum of $21,297.42, as well as its costs of litigation and interest. *Held*:

"The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to

---

[6] *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000).

[7] See *Miller v. State*, 240 Ga. App. 18, 19 (2) (522 SE2d 519) (1999).

[1] The complaint does not specify whether the contract was oral or written.

state a cause of action or defense. *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) [(1978)]." *Maxwell v. Cronan*, 241 Ga. App. 491, 493 (1) (527 SE2d 1) (1999). " 'For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all [well-pleaded] allegations of the moving party which have been denied are taken as false.' [Cits.]" *Pressley v. Maxwell*, supra at 360.

Recovery in quantum meruit is not authorized when, as here, the claim is based on an express contract,[2] *Stowers v. Hall*, 159 Ga. App. 501 (1) (283 SE2d 714) (1981); *Brumby v. Smith & Plaster Co.*, 123 Ga. App. 443 (181 SE2d 303) (1971); see also *Millican Elec. Co. v. Fisher*, 102 Ga. App. 309, 310 (1) (116 SE2d 311) (1960) ("The averment of an express contract within the allegations of a single count predicated on the theory of quantum meruit is sufficient to subject the count to demurrer[.] [Cit.]"). Neither does an unjust enrichment theory lie where there is an express contract. *Cochran v. Ogletree*, 244 Ga. App. 537, 538 (1) (536 SE2d 194) (2000); *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 340 (5) (508 SE2d 750) (1998).

While Lakeside argues that Flash Foods otherwise admitted liability on quantum meruit and an unjust enrichment theory by its answer, the record shows that Lakeside pled its entitlement to recovery on these theories on the basis of the contract between the parties alone. Pretermitting whether Flash Foods answered, in part, by admitting the elements of an action in quantum meruit or unjust enrichment, Flash Foods nevertheless denied liability for damages under either theory. Doing so sufficiently stated a defense to each claim, i.e., neither Count 2 (quantum meruit) nor Count 3 (unjust enrichment) alleged a cause of action as based on the contract between the parties. *Stowers v. Hall*, supra; *Brumby v. Smith & Plaster Co.*, supra; *Millican Elec. Co. v. Fisher*, supra; *Cochran v. Ogletree*, supra; *Zampatti v. Tradebank Intl. Franchising Corp.*, supra. As a consequence, the superior court erred in granting Lakeside's motion for judgment on the pleadings as to Counts 2 and 3 of the complaint. *Pressley v. Maxwell*, supra. Finally, Flash Foods, having sufficiently stated its defense by general denial as to Count 1 (breach of con-

---

[2] However, the contrary is true in the absence of such a contract or in circumstances where the contract has been repudiated by the parties. *Brumby v. Smith & Plaster Co.*, 123 Ga. App. 443, 444 (1) (181 SE2d 303) (1971). If "there is no specific contract or the contract agreed to is repudiated by both parties, an action sounding in quantum meruit will lie for whatever work was done and accepted." *Stowers v. Hall*, 159 Ga. App. 501, 502 (3) (283 SE2d 714) (1981). Recovery in quantum meruit also lies in the event a written employment contract is breached by the employer. OCGA § 10-6-37; *Gilbert v. Powell*, 165 Ga. App. 504, 508 (2) (301 SE2d 683) (1983); *Redman Dev. Corp. v. Pollard*, 131 Ga. App. 708, 710 (206 SE2d 605) (1974).

tract), see *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383, 385 (203 SE2d 290) (1973) (express denial of the allegations of the complaint sufficient to create a triable issue), overruled on other grounds, *Eckles v. Atlanta Technology*, 267 Ga. 801, 806 (485 SE2d 22) (1997), Lakeside would not have been entitled to judgment on the pleadings on this basis even had such relief been sought. See *Pressley v. Maxwell*, supra at 360; *Maxwell v. Cronan*, supra at 493 (1). For the foregoing reasons we must reverse.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 8, 2000.

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*Robert D. Schoen*, for appellee.