[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-11788
Non-Argument Calendar
_____

D. C. Docket No. 03-00701-CV-CC-1

HOWARD LITSKY,

Plaintiff-Appellee,

versus

G.I. APPAREL, INC.,

Defendant-Appellant.

_____

No. 05-12351
Non-Argument Calendar
_____

D. C. Docket No. 03-00701-CV-CC-1

HOWARD LITSKY,

Plaintiff-Appellant,

versus

G.I. APPAREL, INC.,

Defendant-Appellee.

Appeals from the United States District Court
for the Northern District of Georgia

**(October 12, 2005)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

After a six-day bench trial, the district court entered final judgment in favor of Howard Litsky in his lawsuit, based on diversity jurisdiction, 28 U.S.C. § 1332, against G.I. Apparel, Inc. ("GI"), alleging claims for breach of contract and fraud, contrary to Georgia law.  In these consolidated appeals, (1) GI, a major supplier of imprinted T-shirts and sports apparel, asserts the district court erred by awarding Litsky damages based on quantum meruit and statutory attorneys' fees, pursuant to O.C.G.A. § 13-6-11; and (2) Litsky challenges the district court's failure to award him additional damages for breach of contract based on the parties' "Atlantika" transaction.

On appeal following a bench trial, we review a district court's conclusions of law de novo, and its findings of fact for clear error.  See A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003) (citing

MiTek Holdings, Inc. v. Arce Eng'g Co., 89 F.3d 1548, 1554 (11th Cir. 1996)).

After thorough review, we affirm.[1]

The parties are familiar with the underlying proceedings and we only summarize the relevant facts here. Litsky sued GI, under Georgia law, for breach of contract and fraud based on GI's failure to pay Litsky commissions for his brokerage services, which included taking GI's orders for certain manufactured goods and then locating those goods, or the necessary components for the manufacture of the requested goods, in the marketplace. The lawsuit concerned commissions on three pre-employment transactions between Litsky and GI -- Atlantika, Roochi, and Haiti -- as well as recovery pursuant to an employment agreement that was never memorialized.

At the bench trial, the district court considered and weighed the testimony of 14 witnesses and reviewed extensive documentary evidence.[2] The district court found Litsky's testimony about the terms of both the pre-employment agreement and the oral employment agreement more credible than the testimony presented by GI, including that of Anthony Prisco, the President and sole shareholder of GI. The court

---

[1] We GRANT Litsky's Motion in 05-12351 to Adopt GI's Record Excerpts in 05-11788. We DENY Litsky's Motion in 05-11788 for Frivolous Appeal.

[2] In the parties' pretrial submissions, submitted pursuant to the district court's Pretrial Order, Litsky enumerated 100 items of documentary or physical evidence to be tendered at trial, and GI listed another 10 items, four of which were described as composite exhibits.

determined that because Litsky provided "a significant amount of value and other substantial benefits both in the present and in the future," Litsky was entitled to recover under Georgia law based on quasi-contract, quantum meruit, and unjust enrichment. In calculating the amount of damages, the court noted that GI "never offered any probative, credible, or persuasive evidence with respect to the mitigation of this amount in any manner." The court further found that GI engaged in "bad faith, was stubbornly litigious, and caused [Litsky] unnecessary trouble and expense," thus warranting an award of statutory attorneys' fees to Litsky. This appeal followed.

First, Litsky challenges the district court's decision, after allowing for recovery of a commission for the Roochi transaction, to deny recovery for commissions on the Haiti and Atlantika transactions. In the Roochi transaction, unlike in the other two transactions, GI never took possession of the goods, which, in the case of the Haiti transaction, were non-conforming to the purchase order. The district court rejected Litsky's argument that his procurement of a "ready, willing, and able" purchaser sufficed for recovery, where there was no delivery of the goods. The district court concluded that the pre-employment agreement required consummation of the sale, which never occurred for the Atlantika and Haiti transactions. Based on our review of the record and consideration of the parties' arguments, we find no clear error in the district court's factual findings on this point, nor can we discern legal error in the

4

district court's analysis of Litsky's rights under the pre-employment arrangement between the parties and its conclusion that Litsky could not recover his commission for the unconsummated Atlantika and Haiti transactions.

Turning to GI's arguments, we likewise find no error in the district court's judgment in favor of Litsky for damages pursuant to quantum meruit. Under Georgia law, where, as here, no express contract exists between the parties, a party may recover under the theory of liability for quantum meruit, which requires the plaintiff to establish the following elements: (1) the provider performed as agent services valuable to the recipient; (2) either at the request of the recipient or knowingly accepted by the recipient; (3) the recipient's receipt of which without compensating the provider would be unjust; and (4) the provider had an expectation of compensation at the time of rendition of services. See Artrac Corp. v. Austin Kelley Advertising, Inc., 399 S.E.2d 529, 533-34 (Ga. Ct. App. 1990) (internal quotation marks and citation omitted); see also O.C.G.A. § 9-2-7.[3]

---

[3] Given the numerous terms on which the parties had no agreement, the district court correctly found that there was no meeting of the minds under Georgia law and, thus, no formal contract of employment. The unresolved terms included, among others, the following essential terms: (1) whether Litsky was an employee or an independent contractor; (2) whether the contract was indefinite as to its duration; (3) the structure, terms, and amount of Litsky's bonus; and (4) the grounds for termination. In short, we are unpersuaded by GI's various challenges to the district court's conclusion that there was no express contract of employment here and thus Litsky could recover pursuant to quantum meruit. Cf. Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc., 541 S.E.2d 699, 700 (Ga. Ct. App. 2005) (holding that neither quantum meruit nor unjust enrichment allow recovery where there is an express contract). Because we find that recovery pursuant to

5

The district court made the following findings of fact pertaining to Litsky's recovery of quantum meruit damages:

[T]he Court concludes that Plaintiff conferred substantial economic benefits to Defendant for which Plaintiff expected to be compensated, amounting to an implied promise to pay at the time he conferred the economic and other substantial benefits. The conferred economic benefits consisted of value Defendant has already received and value Defendant will receive in the future as a direct result of Plaintiff's efforts on Defendant's behalf. The economic and other substantial benefits include, but are not limited to, money Defendant saved due to Plaintiff's contacts, Plaintiff's educating Defendant on how to do cost analysis, and Plaintiff's exposing Defendant to his substantial business contacts and sources.

On this record, we are satisfied the evidence, which the district court carefully considered over the course of a six-day bench trial, fully supports the district court's factual findings, which meet the elements of quantum meruit under Georgia law.[4]

---

quantum meruit was proper, we need not, and do not, reach the issue of whether Litsky could recover under the theory of unjust enrichment.

[4]We also find no error in the district court's computation of the award, which was based on the cost savings achieved through Litsky's efforts on GI's behalf. The measure of damages in quantum meruit is the reasonable value of the services rendered to the recipient. Centre Pointe Invs. v. Frank M. Darby Co., 549 S.E.2d 435, 439 (Ga. Ct. Ap. 2001); see also Zampatti v. Tradebank Int'l Franchising Corp., 508 S.E.2d 750, 757 (Ga. Ct. App. 1998) (providing that measure of damages is "based upon the benefit conferred upon the defendant and not upon the cost to render the service of cost of the goods (citation omitted)). In Georgia, the "reasonable value" to the recipient is a question for the finder of fact to resolve. See Watson v. Sierra Contracting Corp., 485 S.E.2d 563, 570 (Ga. Ct. App. 1997) ("The value of services from the perspective of the recipient is uniquely that of opinion and is for jury determination as to value, if any."). As the district court put it, GI offered no evidence to rebut the figure Litsky requested, which was based on Litsky's savings to GI -- or the benefit GI reaped from Litsky's work -- for goods received from the following suppliers, all of whom were found through Litsky: Alstyle ($371,597); Shavin Textiles ($41,781); Inlink ($86,436); Ameritech ($48,900); Network Sourcing ($46,976); The Greene Company

Finally, GI challenges the district court's award of statutory attorneys' fees, pursuant to O.C.G.A. § 13-6-11, which provides the following, inter alia: "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but . . . where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." In support of its award, the district court found that GI acted in bad faith, was stubbornly litigious, and caused Litsky unnecessary trouble and expense, thus warranting an award of statutory fees.

GI's argument that the existence of a bona fide controversy precluded the fee award is misplaced. While it is true Georgia courts have interpreted § 13-6-11 not to apply where bad faith is not at issue and the fee award is based solely on stubborn litigiousness or the causing of unnecessary trouble and expense, this limitation does not apply here because the district court expressly made a finding of bad faith, which, alone, supports the award. See Daniel v. Smith, 597 S.E.2d 432, 436 (Ga. Ct. App. 2004)(" When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not any evidence to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties." (internal quotation

($377,520); and Casual Knit ($19,424). Simply put, the record supports the amount awarded.

7

marks and citation omitted)); cf. Marshall v. King & Morgenstern, 613 S.E.2d 7, 13 (Ga. Ct. App. 2005)("When a bona fide controversy exists between the parties, a plaintiff cannot cite stubborn litigiousness or unnecessary trouble and expense as proper grounds for awarding attorney fees.").[5] Given the district court's finding of bad faith, the exception GI urges us to apply simply is not implicated.

**AFFIRMED.**

---

[5]The district court's finding of bad faith also supports not apportioning the fee award to fees attributable to claims on which Litsky prevailed. See Crocker v. Stevens, 435 S.E.2d 690, 698 (Ga. Ct. App. 1993) (holding that § 13-6-11 fee award based on bad faith is not apportioned between fees attributable to successful claims and fees attributable to losing claims (internal quotation marks and citation omitted)).