**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 28, 2022**

# In the Court of Appeals of Georgia

A21A1787. OWENS et al. v. LARRY FRANKLIN PROPERTIES, INC.

REESE, Judge.

Michael and Rachel Owens, individually and as next friends and natural guardians of G. O., filed suit against Larry Franklin Properties, Inc. ("Franklin"),[1] seeking damages for G. O.'s injuries from fire ant bites. The trial court granted summary judgment in favor of Franklin, finding generally that Franklin was not liable to the Appellants under a theory of negligence; under the lease agreement; or under theories of fraudulent inducement, fraud, or unjust enrichment. For the reasons set

---

[1] The Appellants amended their complaint to add Colquitt Exterminating, LLC ("Colquitt"), as a defendant. The trial court granted summary judgment on Colquitt's motion for summary judgment in March 2021. The Appellants did not appeal from that order.

forth infra, we reverse the trial court's ruling on the Appellants' claims of negligence, but otherwise affirm.

Viewed in the light most favorable to the Appellants, as the non-moving parties,[2] the record shows the following facts. On or about August 20, 2017, one-month-old G. O. sustained injuries after being bitten by fire ants while sleeping in his bassinet in apartment B4 at Holly Cove in Moultrie (the "Apartment"). G. O.'s biological mother, Katie Speir, was leasing the Apartment from Franklin and had moved in earlier that month. Speir testified that, while G. O. was sleeping in a bassinet in the master bedroom, he began crying during the night. When Speir picked him up, she discovered that G. O. was covered in ants.

After receiving emergency treatment for G. O., Speir reported the incident to Franklin, who called Colquitt Exterminating, LLC ("Colquitt"), to investigate. Colquitt had been providing exterminating services to Franklin since 2009 on an as-needed basis. Ken Stripling, Colquitt's chief technician, came out the morning after the incident and found the bassinet on the floor of apartment B4 with dead fire ants inside. Stripling inspected the area and found and treated two ant beds next to a tree, which were approximately 20-30 feet away from the master bedroom of the

---

[2] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2

Apartment. Stripling noted on the service ticket that the mounds were fire ant mounds.

In April 2017, four months before G. O. was bitten, Stripling had responded to a request from Franklin to treat ants and used the same type of treatment on the exterior of building B at Holly Cove, the same two or four-unit apartment building where Speir lived.

In their amended complaint, the Appellants alleged that Franklin was negligent by failing to properly inspect and maintain the premises, failing to provide proper pest control services, and failing to warn tenants of the hazardous condition that caused G. O.'s injuries. The Appellants further alleged that, by failing to provide pest control services, Franklin had breached "the lease agreement by which [G. O.] was living at [Franklin's] property." In related counts, the Appellants complained that Franklin fraudulently induced Speir to enter into the lease agreement and never intended to perform its obligations thereunder. Finally, the Appellants alleged that Franklin had been unjustly enriched by having received rent payments.

Franklin moved for summary judgment on all counts. Following a hearing, the trial court summarily granted the motion. This appeal followed.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[3] Because summary judgment is a matter of law, we review the issue de novo.[4] Appellate courts, however, retain discretion to apply the "right for any reason" rule on de novo review and consider alternative legal theories or analysis not relied on by the trial court on summary judgment.[5] With these guiding principles in mind, we turn now to the Appellants' claims of error.

1. The Appellants argue that the trial court erred in granting summary judgment on their negligence claim because issues of fact remained regarding Franklin's knowledge of the hazard and proximate cause.

OCGA § 44-7-14 provides:

Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided,

---

[3] *Lau's Corp.*, 261 Ga. at 491.

[4] *Lemontree Properties v. Samples*, 357 Ga. App. 410, 411 (850 SE2d 849) (2020).

[5] *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.[6]

Conversely, "[i]f the dangerous condition that ultimately causes an injury is located in an area the landlord still possesses, then liability under OCGA § 51-3-1 et seq. applies, and OCGA § 44-7-14 does not apply by its own terms."[7]

In this case, there was evidence that there were two fire ant mounds located outside apartment B4, in an area Franklin possessed; that Franklin had superior knowledge of the hazard; and that preventative treatment may have deterred the ants from colonizing. Thus, applying the negligence framework set out in OCGA § 51-3-1 et seq., there were issues of material fact on whether Franklin was negligent.[8]

---

[6] See also OCGA § 44-7-13 ("The landlord must keep the premises in repair. He shall be liable for all substantial improvements placed upon the premises by his consent."); *Colquitt v. Rowland*, 265 Ga. 905, 906-907 (2) (463 SE2d 491) (1995) (holding that OCGA § 44-7-13 imposes contractual, not tort, liability on a landlord).

[7] *Cham v. ECI Mgmt. Corp.*, 311 Ga. 170, 176 (2) (a) (856 SE2d 267) (2021); see also *Golf Club Co. v. Rothstein*, 97 Ga. App. 128, 130 (102 SE2d 654) (1958) ("Members of a tenant's family . . . stand in [her] shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair.") (citation and punctuation omitted).

[8] See *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997) ("While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which

5

Because these issues cannot be resolved as a matter of law, the trial court erred in granting Franklin's motion for summary judgment on the Appellants' negligence claim. "Questions of negligence, contributory negligence, and proximate cause are ordinarily for the jury."[9] Accordingly, we reverse the trial court's grant of summary judgment on the Appellants' claims of negligence.

2. The Appellants contend that the trial court erred in ruling that the Landlord was not liable under the lease agreement because the Landlord agreed to furnish pest control and any exculpatory clause was void as against public policy.

In response, the Landlord argues, inter alia, that the Appellants do not have standing to assert a breach of contract claim. We agree.

"In order for a third party to have standing to enforce a contract, it must clearly appear from the contract that it was intended for his benefit. A third party beneficiary

the owner/occupier has superior knowledge.").

[9] *Vizzini v. Blonder*, 165 Ga. App. 840, 841 (303 SE2d 38) (1983).

may only be created by the express terms of the contract."[10] "The mere fact that he would benefit from performance of the agreement is not alone sufficient."[11]

Here, the lease agreement did not clearly indicate that G. O. was an intended third-party beneficiary as he was not listed as a resident, tenant, or occupant.[12] In their response to the motion for summary judgment, the Appellants argued summarily that a child is a third-party beneficiary of a residential rental agreement signed by his parent. The Appellants cited in support only our decision in *Anderson v. Jones*[13] and contended that, because parents are responsible for a minor child's medical expenses, the Appellants were proper third-party beneficiaries to the contract. *Anderson* was not a breach-of-contract case, however. The Appellants have not cited, and we have not found, any case holding that a minor child is a third-party beneficiary to a lease

---

[10] *Agard v. PRP Property Mgmt.*, 354 Ga. App. 710, 713 (3) (840 SE2d 466) (2020) (punctuation and footnotes omitted); see also OCGA § 9-2-20 (stating both the general rule that "an action on a contract[ ] shall be brought in the name of the party in whom the legal interest in the contract is vested," and an exception for a "beneficiary of a contract made between other parties for his benefit").

[11] *Havenbrook Homes v. Infinity Real Estate Investments*, 356 Ga. App. 477, 481 (1) (a) (847 SE2d 840) (2020) (citations and punctuation omitted).

[12] See *Agard*, 354 Ga. App. at 713 (3).

[13] 323 Ga. App. 311 (745 SE2d 787) (2013).

agreement where it does not clearly appear from the contract that it was intended for the child's benefit. Accordingly, because the Appellants were not parties to the lease agreement, and because G. O. was not a third-party beneficiary, they lack standing to enforce the lease agreement.[14]

3. The Appellants argue that the trial court erred in ruling that Franklin was not liable under theories of fraudulent inducement, fraud, and unjust enrichment.

(a) In the third amended complaint, the Appellants alleged that Franklin never intended to comply with the terms of the lease agreement, specifically to provide pest control services, and that Franklin fraudulently induced Speir to enter into the agreement. In a related count, the Appellants alleged that Franklin fraudulently concealed material facts to induce Speir to rent from it.

"The tort of fraud, including fraudulent inducement, has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."[15] "In general, a party alleging fraudulent inducement to enter a contract has two options:

---

[14] See *Havenbrook Homes*, 356 Ga. App. at 481-482 (1) (a).

[15] *Najarian Capital v. Clark*, 357 Ga. App. 685, 688-689 (2) (849 SE2d 262) (2020) (punctuation and footnote omitted).

8

(1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud. Where a party elects to rescind the contract, he must do so prior to filing the lawsuit."[16]

Because the Appellants, either individually or on behalf of G. O., were not parties to the contract, as discussed in Division 2 supra, and thus could not and did not rescind the contract, this claim fails.[17]

(b) The Appellants also alleged in the amended complaint that Franklin had been unjustly enriched by having received rent pursuant to the lease agreement despite failing to uphold its obligations under the agreement.

"Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return

---

[16] Id. at 692 (3) (punctuation and footnote omitted).

[17] See OCGA § 13-4-60 ("A contract may be rescinded at the instance of the party defrauded; but, in order to rescind, the defrauded party must promptly, upon discovery of the fraud, restore or offer to restore to the other party whatever he has received by virtue of the contract if it is of any value.").

or compensate for."[18] Thus, recovery under unjust enrichment is not authorized where, as here, the claims are based on an express contract.[19]

Because the trial court did not err in dismissing the Appellants' claims based in fraud and unjust enrichment, we affirm the grant of summary judgment as to those counts.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Brown, J., concur*.

---

[18] *Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995) (citation and punctuation omitted).

[19] See *Kwickie/Flash Foods v. Lakeside Petroleum*, 246 Ga. App. 729, 730 (541 SE2d 699) (2000).